359 So.2d 350 (1978)
LAMAR COUNTY SCHOOL BOARD OF LAMAR COUNTY, Mississippi
v.
Ola SAUL.
No. 50428.
Supreme Court of Mississippi.
May 31, 1978.
*351 William L. Ducker, Purvis, for appellant.
Rex K. Jones, Hattiesburg, for appellee.
Before SMITH, SUGG and BROOM, JJ.
SUGG, Justice, for the Court:
The Lamar County School Board appealed from a final decree of the Chancery Court of Lamar County setting aside an order of the School Board which rescinded its previous order reemploying appellee as principal of the Baxterville Attendance *352 Center over the objection of the Superintendent of Education of Lamar County. We affirm.
Appellee was notified that she would not be recommended for reemployment as principal of the Baxterville Attendance Center. Following this notification, appellee requested a hearing before the school board. The request was granted and a hearing was held on March 10, 1977. Following presentation of evidence at the March 10 hearing the school board recessed until March 16 and at that time voted to reemploy appellee over the objection of the superintendent by a vote of three to two. Appellee was notified in writing on March 17 of the action of the board. On March 21 the board met with four members present and by a vote of three to one rescinded its action of March 16. Appellee was notified in writing on March 22 of the latter action of the board.
On appeal to the chancery court, the chancellor held that the provisions of the Public School Fair Dismissal Act[1] requiring the board to notify the employee in writing of the decision of the board within seven days after the date of completion of the hearing was mandatory. He further held that the rescission order of March 21 was arbitrary and capricious because it violated the mandatory notice required by the act. He set aside the order of March 21 and reinstated the March 16 order.
The only evidence heard by the board was at its March 10 hearing. This was a completed hearing and the board was required to notify appellee within seven days of the date of the completion of the hearing. The board complied, but later rescinded its order more than seven days following the March 10 hearing. We affirm the chancellor's holding that the notice requirement of the statute is mandatory and the board was without power to rescind its order more than seven days following the March 10 hearing.
The school board assigns as error the following:
1. The constitutional question  That the Public School Fair Dismissal Act violates the due process clause of the 14th Amendment of the U.S. Constitution and Section 24 of Article 3 of the Mississippi Constitution with regards to the right of recommendation of the County Superintendent of Education in Section 37-9-15 of the Mississippi Code of 1972, annotated, as amended.
2. That the act is unconstitutionally vague and without merit because it contradicts another statute.
With respect to the claim of due process violation, it is sufficient to note that the statute affords ample opportunity to the superintendent to present evidence in support of his decision not to reemploy a principal. In our view this satisfies due process to the superintendent.
The board further argues that the due process of the superintendent is violated because section 37-9-15 Mississippi Code Annotated (1972) provides for the superintendent of each school district to recommend the person who shall be employed as principal. The board argues that, under our holding in Lott v. State ex rel. Kelly, 239 Miss. 97, 121 So.2d 402 (1960), the county superintendent has the exclusive right to recommend the principal; therefore, the school board is without authority to appoint any principal who has not been recommended by the county superintendent. Lott, was decided before the Public School Fair Dismissal Act was adopted in 1974. The Public School Fair Dismissal Act provides that an employee of a school district who has been employed by the district during the entirety of the preceding school year may request a public hearing before the school board; the employee shall receive a fair and impartial hearing before the board within fourteen days from the date of receipt of the notice from the employee requesting the hearing; and, following the hearing, the board shall notify the *353 employee in writing of its decision within seven days after the date of completion of the hearing.
The Public School Fair Dismissal Act did not specifically amend section 37-9-15 Mississippi Code Annotated (1972) but authorized the school board to render a decision following the hearing. In our view this authorizes the school board to override the recommendation of the superintendent not to reemploy a principal; otherwise, a hearing would be an exercise in futility. We do not perceive that the conflict between section 37-9-15 and the Public School Fair Dismissal Act rises to constitutional dimensions, but the conflicting statutes should be construed in accordance with the following rules of statutory construction:
(1) In construing statutes, all statutes in pari materia are taken into consideration, and the legislative intent deduced from a consideration as a whole. Jackson County v. Worth, 127 Miss. 813, 90 So. 588 (1921). Statutes in pari materia, although apparently conflicting should, if possible, be construed in harmony with each other to give effect to each. Greaves v. Hinds County, 166 Miss. 89, 145 So. 900 (1933). See cases annotated in Mississippi Digest, Statutes.
(2) Repeal by implication is not favored but where there is an irreconcilable conflict between two statutes, the latter statute repeals the former insofar as it is in conflict. Jackson Municipal Airport Authority v. Shivers, 206 So.2d 190 (Miss. 1968). Repeals by implication are not favored and are seldom permitted except on grounds of repugnancy and never when former act can stand together with new act. Ex parte Yerger, 75 U.S. 85, 8 Wall. 85, 19 L.Ed. 332 (1868). See also cases annotated in Mississippi Digest, Statutes.
(3) Section 61[2] of the Mississippi Constitution of 1890 has no reference to amendment by implication when the amending statute is complete within itself. Hart v. Backstrom, 148 Miss. 13, 113 So. 898 (1927).
Section 37-9-15 gives the superintendent the exclusive right to recommend a principal for employment. On the other hand, the Public School Fair Dismissal Act of 1974 gives the county school board the power to conduct a hearing where a principal is not recommended for reemployment by the superintendent. This necessarily grants the board the power to reemploy a principal without the recommendation of the superintendent because a contrary holding would negate the purpose of the hearing, with the result that the hearing would serve no purpose other than giving the principal a forum in which to air his grievance with no hope of overturning the decision of the superintendent not to recommend his reemployment.
In this case the superintendent proceeded first at the hearing before the school board and introduced evidence in support of his decision not to reemploy the principal apparently under the belief that the burden of proof was on him to support his decision not to reemploy the principal. This procedure is not correct because an employee who had a contract for the preceding year, and who is not recommended for reemployment, has no further right to employment unless such employee requests a hearing before the school board and is successful in convincing the school board that he should be reemployed. Stated differently, when the determination is made not to reemploy, the burden of going forward rests with the employee. A careful consideration of the Public School Fair Dismissal Act does not reveal a legislative intent to give tenure to an employee,[3] but the *354 purpose of the act is to provide an employee with notice that he will not be reemployed for the succeeding year in sufficient time to enable such employee to secure employment by another school district. The overriding purpose of the act is to prevent an employee of a school district from being notified shortly before the beginning of a school term that such employee will not be offered another contract for the ensuing year. It naturally follows that the burden is on the employee to proceed in an effort to convince the school board that such employee should be reemployed over the objection of the superintendent or principal.
The school board also argues that the statute is vague and indefinite because no provision is made to enforce the order of the school board should it determine to reemploy without a recommendation from the administrator who has the duty to recommend principals, teachers, and other employees of the school district for reemployment. Mandamus would lie in such case; therefore, this argument is without merit.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.
NOTES
[1] Section 6, Chapter 577 Mississippi General Laws, 1974. See section 37-9-101 Mississippi Code Annotated (Supp. 1974) for entire act.
[2] No law shall be revived or amended by reference to its title only, but the section or sections, as amended or revived, shall be inserted at length.
[3] The Public School Fair Dismissal Act of 1974 was amended by Chapter 489, Mississippi General Laws of 1977 [section 37-9-101 Mississippi Code Annotated (Supp. 1977)] to change the name of the act to School Employment Procedures Law of 1977 and expressed the legislative intent in Section 1 as follows:

It is the intent of the Legislature to establish procedures for providing public school employees with notice of the reasons for not offering an employee a renewal of his contract, to provide an opportunity for the employees to present matters in extenuation or exculpation to enable the board to determine whether the recommendation of nonemployment is a proper employment decision and not contrary to law, and not to establish a system of tenure or require that all decisions of nonreemployment be based upon cause with respect to employment in the school district. (Emphasis supplied).