427 So.2d 134 (1983)
Tommy JACKSON
v.
HAZLEHURST MUNICIPAL SEPARATE SCHOOL DISTRICT.
No. 53613.
Supreme Court of Mississippi.
February 23, 1983.
*135 Robert W. Sneed, Jackson, for appellant.
S.E. Allen, Jr., Hazlehurst, for appellee.
Before BROOM, ROY NOBLE LEE and PRATHER, JJ.
ROY NOBLE LEE, Justice, for the court:
Tommy Jackson has appealed from an adverse decision of the Hazlehurst Municipal Separate School District to renew his contract for employment as a science teacher in the school for the 1981-82 school year, which was affirmed by the Chancery Court of Copiah County, Honorable Mike Carr, presiding. He assigns three errors in the trial below, and they may be consolidated into one question containing three sub-questions:
The chancery court erred in affirming the Board of Trustees' decision not to renew appellant's contract because (a) irrelevant and prejudicial evidence concerning past incidents of insubordination was admitted, (b) the Board's decision is arbitrary, capricious and not supported by substantial evidence, and (c) the Board's decision for non-renewal of the contract resulted from appellant's membership in a labor union.
The record reflects that appellant had been employed as a science teacher at the Parrish Jr. High School in Hazlehurst, Mississippi, for nineteen years, and, on March 16, 1981, he received a formal written notice that his contract of employment would not be renewed for the ensuing 1981-82 school year. He was advised of his right to have a hearing before the school board under the School Employment Procedures Law of 1977, and of his right to a written explanation for non-renewal of the contract, if he requested same. Appellant asked for both procedures, and received the following written reasons for non-renewal:
1. Violations of Item 4, Page 2 of "Mississippi Public Schools Contract for Employment," specifically, insubordination.
a. Direct refusal to comply with an assignment of duty made by Principal Fred Gordy for the night of a Junior High School football game, on or about October 23, 1979. Mr. Jackson was directed to assist in supervision of the students at the game and was given a written assignment of the duty by Mr. Gordy. Mr. Jackson responded by crumpling the paper on which the assignment was written, throwing it on the floor and telling Mr. Gordy that he would not comply with the assignment; and Mr. Jackson did not comply with the assignment of duty.
b. Direct refusal to comply with the assignment of duty made by Principal Fred Gordy on or about Wednesday, December 17, 1980, to observe student behavior on the Junior High campus during mid-morning break, during examinations. At the time of the refusal, Mr. Jackson was on probation for violation of the sick leave policy of the Hazlehurst Municipal Separate School District and for violation of Item 4, Page 2 of the teacher contract signed by him, and dated May 16, 1980.
The hearing before the school board was held on April 13, 1981, and both parties were present with their attorneys. Appellant's attorney moved the Board to strike and exclude all evidence pertaining to (1)(a) of the written notice, since such matter related to the year 1979 and did not involve the contract period 1981-82. The motion was overruled.
Without detailing the evidence reflected by the record, it is sufficient to state that proof of the reasons set forth in the letter of non-reemployment was made by the school district. Appellant introduced evidence claiming the incidents enumerated were unreasonable.
(a) Appellant contends that the school board erred in admitting the matters set forth in (1)(a) of the letter in that they were irrelevant and prejudicial concerning past incidents of insubordination.
*136 The intent of the School Employment Procedures Law of 1977 is expressed in Mississippi Code Annotated § 37-9-101 (Supp. 1982), effective from and after July 1, 1977:
It is the intent of the legislature to establish procedures for providing public school employees with notice of the reasons for not offering an employee a renewal of his contract, to provide an opportunity for the employee to present matters in extenuation or exculpation to enable the board to determine whether the recommendation of nonemployment is a proper employment decision and not contrary to law, and not to establish a system of tenure or require that all decisions of nonreemployment be based upon cause with respect to employment in the school district. (Emphasis added).
The thrust of appellant's brief is to the effect that he was terminated in his employment with the school board and most of the authorities he cites relates to the termination of an existing or continuing contract. Section 37-9-101, supra, specifically states that a teacher does not have tenure, viz, he does not have the absolute right for renewal of his contract where there is no fault on his part. This Court has so held in Calhoun County Board of Education v. Hamblin, 360 So.2d 1236 (Miss. 1978); Holliday v. West Point Mun. Sep. Sch. Dist., 401 So.2d 1296 (Miss. 1981); and Cox v. Thomas, 403 So.2d 135 (Miss. 1981). In Calhoun County Board of Education, quoting from McCormick v. Attala County Board of Education, 407 F. Supp. 586 (N.D.Miss. 1976), the Court said:
In Mississippi, state law does not provide for a system of job tenure for public school teachers [citations omitted]. The defendants [Board of Education] had the lawful right not to rehire the plaintiff for any reason, or for no reason at all, upon expiration of the contract, so long as her constitutional rights were not violated... . [407 F. Supp. at 594].
The Court further said:
The burden of proof at the hearing is not on the superintendent or principal, as the case may be, as it would be in a tenure situation. Lamar County School Board v. Saul, 359 So.2d 350 (Miss. 1978). Once the Superintendent has given a demonstrable reason for nonreemployment (before the hearing), the burden at the hearing is upon the employee to prove affirmatively and conclusively that the reasons relied upon by the School Board have no basis in fact. [360 So.2d at 1240].
The 1979 incident of insubordination was not placed in appellant's personnel file. However, the proof is clear by the school board that the incident did occur and we are of the opinion that it was relevant to facts involving renewal of the contract, which the school board was not bound to tender unless impermissible constitutional reasons existed. In a hearing such as the one here, the school board is not bound by rules of evidence and procedure as in a trial court where an experienced judge presides over the hearing. Mississippi Code Annotated § 37-9-111(5) (Supp. 1982) provides:
(5) In conducting a hearing, the board or hearing officer shall not be bound by common law or by statutory rules of evidence or by technical or formal rules of procedure except as provided in sections 37-9-101 to 37-9-113, but may consider such hearing in such manner as best to ascertain the rights of the parties; provided, however, hearsay evidence, if admitted, shall not be the sole basis for the determination of facts by the board or hearing officer.
There was no error in admitting evidence of the 1979 incident.
(b) Appellant next contends that the Board's decision was arbitrary, capricious, and unsupported by substantial evidence.
The finding of the school board was stated in its order following:
1. Violations of Item 4, Page 2 of "Mississippi Public Schools Contract for Employment", specifically, insubordination.
a. Direct refusal to comply with an assignment of duty made by Principal Fred Gordy for the night of a Junior High School football game, on or *137 about October 23, 1979. Mr. Jackson was directed to assist in supervision of the students at the game and was given a written assignment of the duty by Mr. Gordy. Mr. Jackson responded by crumpling the paper on which the assignment was written, throwing it on the floor and telling Mr. Gordy that he would not comply with the assignment; and Mr. Jackson did not comply with the assignment of duty.
b. Direct refusal to comply with the assignment of duty made by Principal Fred Gordy on or about Wednesday, December 17, 1980, to observe student behavior on the Junior High campus during mid-morning break, during examinations. At the time of the refusal, Mr. Jackson was on probation for violation of the sick leave policy of the Hazlehurst Municipal Separate School District and for violation of Item 4, Page 2 of the teacher contract signed by him, and dated May 16, 1980.
In Sims v. Holly Springs Mun. Sep. Sch. Dist., 414 So.2d 431, 435 (Miss. 1982), involving termination of a teacher's contract, the Court discussed insubordination in the following language:
We find no definition of insubordination in our cases under our statutes. Among the definitions we have found, and one which we approve, is contained in Ray v. Minneapolis Board of Ed., Spec. Sch. District No. 1, 295 Minn. 13, 202 N.W.2d 375 (1972), and is:
A "constant or continuing intentional refusal to obey a direct or implied order, reasonable in nature, and given by and with proper authority."
We are further of the opinion and hold that insubordination as so defined is "other good cause" within the meaning of Mississippi Code Annotated section 37-9-59 (Supp. 1981).
We are of the opinion that the school board's decision was not arbitrary, capricious and unsupported by substantial evidence, and that the lower court was bound by the finding of the school board.
(c) Appellant last contends that the decision of the school board was based principally on appellant's membership in a labor union. He had the constitutional right to join the American Federation of Teachers union, which was designated as a collective bargaining representative for teachers in the Hazlehurst Municipal Separate School District, and to engage in union activities. Refusal to renew appellant's contract for that reason would be an impermissible violation of his First Amendment constitutional rights. Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); Pickering v. Board of Education, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968).
The evidence indicates that five out of thirty teachers' contracts were not renewed by appellee for the 1981-82 school year. Four of the five contracts not renewed related to members of the AFT union. The officials of the school district positively testified that membership of the teachers in the union did not enter into the non-renewal of the contracts and that such memberships did not influence them in declining to renew the contracts. The burden was upon the appellant to prove that the predominant reason for non-renewal of his contract was due to membership in, or connection with, the labor union, and he wholly failed to meet that burden. Mt. Healthy City Board of Education v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).[1]
There being no reversible error in the proceedings below, the judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.
NOTES
[1] The Court also noted that a non-tenured teacher could be dismissed by a school board for no reason, but that a teacher was entitled to reinstatement if he could prove that the decision not to rehire was based on the teacher's exercise of constitutional rights.