427 So.2d 977 (1983)
Genette TANNER
v.
HAZLEHURST MUNICIPAL SEPARATE SCHOOL DISTRICT.
No. 53614.
Supreme Court of Mississippi.
March 9, 1983.
Robert W. Sneed, Jackson, for appellant.
S.E. Allen, Jr., Hazlehurst, for appellee.
Before PATTERSON, ROY NOBLE LEE and PRATHER, JJ.
PRATHER, Justice, for the Court:
Mrs. Genette Tanner alleges that the Hazlehurst Municipal Separate School District's refusal to reemploy her as a teacher violated her rights under the First and Fourteenth Amendments to the United States Constitution. Basically her contention is that the non-reemployment was motivated by Tanner's membership in a local *978 school teacher's union. Additionally, Tanner contends that the school district's decision was based solely on hearsay evidence and that it was arbitrary and capricious. On appeal to the Chancery Court of Copiah County, the school district's decision was affirmed.

I.
Mrs. Tanner was employed by the appellee for eight years as a business education teacher in high school and in junior high. Three years ago, Tanner became a charter member of the American Federation of Teachers Union, the certified collective bargaining agent for teachers in the Hazlehurst area.
On March 14, 1981, Mrs. Tanner was advised by letter that her teaching contract would not be renewed for the 1981-1982 school term. The letter cited decreased student enrollment, which necessitated teacher reduction, as the reason for non-reemployment. Additional considerations named in the letter were teacher seniority, teaching experience, and certificate held.
A hearing was afforded Mrs. Tanner. At the hearing, school administrators testified as to the factors listed in the letter.

II.
At the outset, we should state what this appeal does not address. It does not speak to a breach of contract by the school district. However, it does concern the school district's decision not to offer a new contract to a teacher whose old contract expired before the next school year began. Although our School Employment Procedures Act denies any possibility of tenure,[1] certain constitutional considerations may still affect the school district's decision not to reemploy Tanner.
In three cases, the United States Supreme Court specifically considered the dismissal of a public school teacher predicated on the teacher's alleged exercise of constitutional rights. Each of these cases provides that a public school teacher cannot be dismissed from his or her job for a constitutionally infirm reason.
The first of the three cases was Pickering v. Board of Education, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968). Pickering was dismissed from his teacher position for sending a letter to a local newspaper that was critical of the school board's position on a tax issue. The Court ruled that in the absence of proof of false statements knowingly or recklessly made by the teacher, the teacher could not be dismissed on the basis of his right to freedom of speech. 391 U.S. at 574-75, 88 S.Ct. at 1737-38.
In Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972), the Court considered a similar issue in the context of a nonrenewal of a teacher's contract. Sindermann was elected president of the Texas Junior College Teachers Association, and through that affiliation, he became embroiled in several public disputes with the college where he was employed. As a result, the college decided not to rehire Sindermann. In spite of the fact that Sindermann was a nontenured teacher, the Supreme Court held that the nonrenewal of a public school teacher's contract could not be predicated on the teacher's exercise of his First Amendment rights to freedom of speech and association. 408 U.S. at 597-98, 92 S.Ct. at 2697-98.
Finally, in Mt. Healthy City Board of Education v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977), the Supreme Court provided further guidance in resolving school board-teacher conflicts. Specifically, the Court noted that a nontenured teacher could be dismissed by a school board for no reason whatever, but that a teacher was entitled to reinstatement if he could prove that the decision not to rehire was based on the teacher's exercise of constitutional rights. 429 U.S. at 283-84, 97 S.Ct. at 574. Furthermore, the Court commented on the burdens of proof in such a case. Initially, the burden is placed on the teacher *979 to show that his conduct was constitutionally protected, and that such conduct was a "substantial factor" in the board's decision not to rehire. Id. at 287, 97 S.Ct. at 576. Once the teacher has carried that burden, the board must show by a preponderance of the evidence that it would have made the same decision as to the teacher's reemployment even in the absence of the protected conduct. Id.
In light of these well-defined guides, it is clear that Mrs. Tanner has totally failed to establish her burden of proof. Although it is readily acknowledged that membership in a union is protected by the right to freedom of association, the record is devoid of any indication that Tanner's membership was considered in the district's decision.
The school superintendent testified that he never heard any negative discussion concerning membership in teacher unions. He added that he had always encouraged his teachers to join teacher organizations. The school principal stated that Tanner's affiliation with the AFT was never considered in his decision not to rehire her. In fact, the school district still retained several teachers who are affiliated with the union, and Mrs. Tanner failed to introduce any solid evidence that union affiliation was considered in the decision not to rehire her.
We find no violation of any constitutional rights. The charge of the appellant that her nonreemployment was based upon her union membership is simply not supported by the record.

III.
The appellant also contends that the school board improperly relied exclusively on hearsay evidence to uphold the decision not to rehire. Section 37-9-111(5) of the Mississippi Code Annotated (Supp. 1982) provides in pertinent part that the school board cannot base its contract nonrenewal decision solely on hearsay evidence. (Emphasis ours).
In Temple Construction Co. v. Naylor, 351 So.2d 1350 (Miss. 1977), the Mississippi Supreme Court adopted a definition for hearsay. The Court defined hearsay as "evidence which derives its value, not solely from the credit to be given to the witness upon the stand, but in part from the veracity and competency of some other person." Id. at 1351. The Court then commented that the clearest case of hearsay occurs when a witness testifies to the out-of-court declaration of another for the purpose of proving the truth of the facts asserted by the out-of-court declarant. Id. at 1352. See Mason and Hengen, The Hearsay Rule in Mississippi "Out of the Presence of the Adverse Party  In the Present of the Adverse Party", 47 Miss.L.J. 423 (1976).
In the case at bar, the superintendent relied exclusively on out-of-court statements or reports in offering his testimony. He also admitted during the hearing that his comments concerning the financial condition of the district were derived solely from conversations with auditors and from reading auditor's reports. And, none of these reports were offered into evidence. His testimony, as such, was clearly hearsay. However, Mrs. Tanner's principal, Mr. Fred Gordy, offered his own personal opinion as to Tanner's teaching experience and other qualifications, and that testimony was not hearsay. Under these circumstances, it cannot be said that the board rendered its decision solely on the basis of hearsay testimony. We therefore find no error in this assignment.

IV.
The appellant's last contention is that the school board's decision not to rehire was arbitrary and capricious and not supported by substantial evidence.[2] In raising this assignment, the appellant failed to take note of section 37-9-101 of the Mississippi Code Annotated (Supp. 1982). That statute specifically states that it was not the intent *980 of the Legislature to "require that all decisions of nonreemployment be based upon cause ..." Id. In other words, so long as the nonreemployment decision is not based upon an improper reason, the school board does not have to justify its decision for nonreemployment. Calhoun County Board of Education v. Hamblin, 360 So.2d 1236 (Miss. 1978) (board does not have to demonstrate cause for nonreemployment); McCormick v. Attala County Board of Education, 407 Supp. 586 (N.D.Miss. 1976) (correct interpretation of Mississippi's nonreemployment of teachers statute). Since the appellant has failed to show any impermissible reason for the school district's decision, we find no reversible error in this assignment. We affirm the decision of the chancery court.
AFFIRMED.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE and ROBERTSON, JJ., concur.
NOTES
[1] Miss. Code Ann. § 37-9-101 et seq. (Supp. 1982). The Act does require timely notice to the teacher who will not be offered a new contract and an opportunity to be heard. Id.
[2] We discussed the legal principles involved in this issue in a recent case involving the same school district. Jackson v. Hazlehurst Municipal Separate School District, 427 So.2d 134 (Miss. 1983).