Grant HOUSLEY, Plaintiff,

v.

NORTH PANOLA CONSOLIDATED
SCHOOL DISTRICT, et al.,
Defendant.

Civ. A. No. DC 84–148–D–O.

United States District Court,
N.D. Mississippi, E.D.

March 24, 1987.

Ronald W. Lewis, Oxford, Miss., for plaintiff.

Thomas S. Shuler, Sardis, Miss., for defendant.

## MEMORANDUM OPINION GRANTING DEFENDANT'S MOTION TO DISMISS

DAVIDSON, District Judge.

The instant action was brought by the plaintiff, Grant Housley, alleging that the defendant, North Panola Consolidated School District, has deprived him of procedural and substantive due process rights by refusing to renew Housley's contract as director of the North Panola Consolidated School District Vocational Technical Center in Como, Mississippi. Housley was originally employed by the North Panola Consolidated School District in September 1980 for a contract period of one year ending on June 30, 1981. He was subsequently re-employed for successive one year terms for the 1981–1982, 1982–1983 and 1983–1984 school years. Housley's last contract with the school district terminated on June 30, 1984.

On February 21, 1984 Mr. Hosea Grisham, the superintendent of the district, recommended to the Board of Trustees of the district that Housley be re-employed for the 1984–1985 school year. After discussion, however, a motion was made to disapprove the superintendent's recommendation for several reasons, namely: (1) Housley's non-compatibility with teachers and other personnel at the Vo-Tech Center; (2) the deterioration of programs at the Vo-Tech Center; and (3) the unprofessional handling of students at the Vo-Tech Center. Based on these reasons three members of the board voted not to re-employ Housley for the 1984–1985 school year. One voted in Housley's favor, and one abstained. Based on this vote the Board of Trustees instructed the superintendent to give written notice to Housley prior to March 1, 1984 of his nonreemployment and to advise Housley that he was entitled, upon request, to the following:

(1) Written notice for the reasons of his nonreemployment, together with a summary of the factual basis thereof;

(2) An opportunity for a hearing to present matters relevant to the reasons given for his nonreemployment, including any reason Housley felt to be the reason for nonreemployment;

(3) A fair and impartial hearing before the Board or a hearing officer; and

(4) The right to be represented at such hearing by legal counsel.

This notice was given to Housley on February 28, 1984.

Housley made a written request that he be provided with the above procedures. On March 28, 1984 the district attorney provided Housley with notice of the three reasons stated by the board for not re-employing

Housley. The district attorney also told him that he was not re-employed because of the poor relationship that had developed between the Vo-Tech Center and the community. This letter also informed Housley that a hearing had been scheduled for April 10, 1984. Housley then obtained legal counsel who requested that certain information be provided him concerning the reasons given for Housley's nonreemployment. This information was furnished to the attorney within the same month.

The hearing scheduled for Housley was rescheduled for June 11, 1984. Melvin McClure, an attorney from Senatobia, Mississippi, presided over the hearing. Testimony was taken at this hearing and at the end of the day, the hearing was scheduled to continue on a subsequent date. Additional testimony was later taken at the subsequent hearing.

Prior to this hearing Housley was provided with subpoena power to compel witnesses to attend and give testimony, the opportunity to confront and cross-examine all witnesses presented by North Panola Consolidated School District, and the opportunity to present witnesses on his own behalf and to have a lawyer assist him. A record of the proceeding was also made.

At the end of the testimony, the hearing officer requested the attorneys to submit proposed findings of fact and conclusions of law. After receiving these proposed findings of fact and conclusions of law, the hearing officer issued a decision on July 27, 1984. The hearing officer held that the proceeding was controlled by the School Employment Procedure Law of 1977 and that the school district had complied with this law in its nonreemployment of Housley. The hearing officer held that the district's decision not to re-employ Housley was based on proper grounds. Based on the board's initial decision and the decision by the hearing officer, the board upheld its original decision not to renew Housley's contract for the 1984–1985 school year. The plaintiff evidently chose not to seek review of the action of the Board of Trustees by the Mississippi Chancery Courts as provided by Mississippi Code § 37–9–113.

The plaintiff has brought the instant action alleging that the Board of Trustee's decision not to re-employ him deprived him of a property interest without due process of law. Housley asserts that even though he was a non-tenured employee of the school district, he had obtained certain property interest in his job pursuant to Mississippi Code §§ 37–9–15 and 37–9–101, *et seq.*

The plaintiff's first argument is that the superintendent's recommendation of him for reemployment gives him an entitlement to reemployment unless the district shows good cause for refusing the recommendation. The plaintiff asserts that this good cause showing is required by § 37–9–15. The plaintiff asserts that the superintendent's recommendation bestowed certain pre-contractual rights upon him under § 37–9–15, and that this recommendation entitled the plaintiff to a qualified expectation of reemployment by the school district.

■ As authority for his assertions the plaintiff cites *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) and *Perry v. Sinderman*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). These two cases require that the plaintiff have a reasonable, non-subjective expectation of reemployment. Although the court recognizes that this expectation of reemployment does not have to be an "iron clad contract" it must be more than a unilateral grasp at a broad construction of language in a statute with the hope of obtaining a property interest. The court recognizes, as the plaintiff asserts, that property interests are created by state law. In reviewing whether an individual has been deprived of a property interest, the court must first look to state law in order to ascertain whether a property interest actually exists. *Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). The plaintiff asserts that the Mississippi Code § 37–9–15 and the Mississippi School Employment Procedures Law (SEPL) create a protectable property interest in public school employment. The court is of the opinion, however, that neither § 37–9–15 nor § 37–9–

101, *et seq.*, create in and of themselves a protectable property interest in public school employment.

■ Section 37–9–15 provides that:

[T]he superintendent of each school district shall recommend to the Board of Trustees thereof the assistant superintendent, supervisors and principals to be employed for each of the schools of the districts except in the case of those Assistant Superintendents, Supervisors, and Principals who have been previously employed and who have a contract valid for the ensuing scholastic year. Unless good reason to the contrary exists, the Board of Trustees of the district shall approve and authorize the employment of the assistant superintendent, supervisors and principals so recommended. If, for any reason, the Board of Trustees of any school district shall decline to approve an assistant superintendent, supervisor or principal so recommended the superintendent shall make additional recommendations for the place or places to be filled.

The court is of the opinion that this statute does not create an entitlement in the plaintiff to reemployment unless good cause is shown by the District for not accepting the superintendent's recommendation. Good reasons for not approving the superintendent's recommendation must exist, but the statute further indicates that "any reason" may be the basis for the District declining to approve reemployment of a particular person.

In a nonreemployment proceeding, the Mississippi Supreme Court has held that "good cause is essentially an irrelevant concept." *Mississippi Employment Security Commission v. Philadelphia Municipal Separate School District of Neshoba County,* 437 So.2d 388, 396 (Miss. 1983). In the *Philadelphia Municipal School District* case the Mississippi Supreme Court held that a school administration is not required to demonstrate good cause for its decision that a particular school teacher will not be reemployed. *Id.* (citing *Calhoun County Board of Education v. Hamblin,* 360 So.2d 1236, 1239–

40 (Miss.1978)). Under Mississippi law "the school administration may refuse to rehire a teacher for good reason, for bad reason, or for no reason at all.... Absent a violation of some vested substantive or procedural right, a non-rehire decision is beyond judicial review." *Id.* 437 So.2d at 397. Although this case concerned the non-rehiring of a teacher under Mississippi Code § 37–9–17 rather than the nonreemployment of a principal under § 37–9–15, this court is of the opinion that the same conclusion would be reached under § 37–9–15. This is true because the language in both sections concerning good cause is almost identical.

In the instant case unless the plaintiff can show that the school district based its decision not to rehire him upon legally impermissible considerations or that the school district violated some vested substantive or procedural right, the plaintiff has no cause of action. "The decision not to rehire a teacher [or principal] can be made for any reason not specifically prohibited by law, so long as the procedural requirements outlined in the School Employment Procedures Law are met." *M.E. S.C.,* 437 So.2d at 393–94 n. 4.

The defendant points out a second reason why plaintiff's interpretation of § 37–9–15 is erroneous. The statute makes no distinction between a Principal to be recommended who has been previously employed with the District and a Principal who has never been employed with the School District. The only reference made to personnel previously employed concerns those who already have a valid contract for the ensuing scholastic year. If plaintiff's construction of § 37–9–15 were accepted by this court, any person recommended by the superintendent, even one never having been employed by the school district, would have a protected property interest in employment by the school district and would have to be employed by the District unless the school district showed good cause for not accepting the superintendent's recommendation. Such a construction was clearly not the intent of the Mississippi legislature.

· Although § 37–9–15 does not create any entitlement in the plaintiff, the court recognizes that the plaintiff does enjoy certain rights pursuant to § 37–9–101, *et seq.* Mississippi Code § 37–9–105 provides that:

In the event that a determination is made by a school district not to offer an employee a renewal contract for a successive year, written notice of non-renewal shall be given within seven (7) days of the date when the recommendation to reemploy would have been made under the provisions of § 37–9–15.

██ Mississippi Code § 37–9–109 further provides that an employee who has received the notice specified in § 37–9–105, upon written request is entitled to:

(a) Written notice of the reasons for nonreemployment, together with a summary of the factual basis therefor, which notice shall be given at least five (5) days prior to any hearing;

(b) An opportunity for a hearing at which to present matters relevant to the reasons given for the nonreemployment decision, including any reasons alleged by the employee to be the reason for nonreemployment;

(c) Receive a fair and impartial hearing before the board or hearing officer;

(d) Be represented by legal counsel, at his own expense.

Section 37–9–111 provides the procedures to be employed at a hearing when such a hearing is requested by an employee. These provisions are intended to apply when the initial decision not to renew a contract of an employee is made pursuant to § 37–9–15. Section 37–9–101 provides:

It is the intent of the legislature to establish procedures for providing public school employees with notice of the reasons for not offering an employee a renewal of his contract, to provide an opportunity for the employee to present matters in extenuation or exculpation to enable the board to determine whether the recommendation of nonemployment is a proper employment decision and not contrary to law, *and not to establish a system of tenure or require that all decisions of nonreemployment be based upon cause with respect to employment in the school district.*

This statutory language makes it clear that although the plaintiff has a right to have these procedures followed in the instant case, the plaintiff did not have an entitlement to his job pursuant to these statutory provisions. *See Jackson v. Hazelhurst Municipal Separate School District,* 427 So.2d 134, 136 (Miss.1983). The School Employment Procedures Act simply affords the plaintiff notice and a forum in which to publicly clear his name or show an impermissible reason for the school district's decision. *Id.; Tanner v. Hazelhurst Municipal Separate School District,* 427 So.2d 977 (Miss.1983). Thus, the question that the court must address in this case is whether the procedural rights afforded to the plaintiff pursuant to the act were complied with in the instant case.

██ The court is of the opinion that the School Employment Procedures Act requires a post-nonrenewal hearing, not a hearing prior to the board's decision not to renew a contract as the plaintiff asserts. In arguing that a pre-nonrenewal hearing is required, the plaintiff relies heavily on the case of *Lott v. State,* 239 Miss. 97, 121 So.2d 402 (1960). *Lott* involved a dispute between an elected county superintendent of education and a separately elected county board of education. The basic question of that case dealt with the power of the board of education to select a principal not recommended by the superintendent. That question is not before the court in the instant case, and the court finds that that case does not vest in the plaintiff a qualified expectation of reemployment by virtue of the fact that he was recommended for reemployment by the district's superintendent. The court also notes that the significance of the *Lott* case is questionable authority since it occurred prior to the adoption of the School Employment Procedures Act and its predecessor.

The plaintiff herein alleges that his substantive and procedural due process rights were violated. On the issue of substantive substantive due process, the plaintiff asserts that the school board's decision not to

rehire him was arbitrary and capricious. A similar allegation was raised in the case of *Tanner v. Hazelhurst Municipal Separate School District*, 427 So.2d 977 (Miss.1983). In that case the Mississippi Supreme Court held that in raising such an allegation the plaintiff "failed to take note of § 37-9-101 ... That statute specifically states that it was not the intent of the legislature to 'require that all decisions of nonreemployment be based upon cause' ". *Tanner*, 427 So.2d at 979-80. The *Tanner* court went on to say that "so long as the nonreemployment decision is not based upon an improper reason, the school board does not have to justify its decision for nonreemployment." *Id.* at 980.

■ The plaintiff in the instant case does not claim a denial of first amendment rights, of deprivation on account of race or color, nor that any explicit federal constitution or statutory provision has been violated by the school district. The plaintiff's claim is based on the allegation that the school district violated § 37-9-15 and that this statute gave him an entitlement to reemployment unless good cause was shown. The court has already held that this statute did not give the plaintiff such a right. Although the plaintiff disagrees with some of the grounds listed for his nonreemployment and although some of the evidence presented against him may have been weak, the plaintiff has not shown any evidence that the decision was arbitrary and capricious. An alleged violation of state law unaccompanied by some more precise claim of federal right than a general claim of lack of due process is not the sort of deprivation recognizable under Title 42 United States Code § 1983. *McDowell v. Texas*, 465 F.2d 1342, 1345-46 (5th Cir.1971). The court finds that no substantive due process violation has occurred.

■ On the issue of procedural due process, the plaintiff asserts that the burden of proof should not have been placed upon him and that defendant Durrett should not have participated in the board action. First, the placement of the burden of proof on the plaintiff is not prohibited under the SEPA and is not a matter of federal procedural due process in a civil action. Further, after reviewing the applicable case law and the SEPA, the court is of the opinion that the burden of proof was properly placed upon the plaintiff to show that his nonreemployment was based upon a reason specifically prohibited by law. *See Lamar County School Board v. Saul*, 359 So.2d 350, 353 (Miss.1978); *see also M.E.S.C. v. Philadelphia Municipal Separate School District*, 437 So.2d at 392-93 n. 4; *cf. Tanner*, 427 So.2d at 978-79; *Jackson*, 427 So.2d at 137.

■ The plaintiff alleges in his complaint that defendant Thomas Durrett, a former teacher under Housley, had a history of disagreements with Housley and was the party who submitted the motion at the board meeting that Housley should not be reemployed. Housley asserts that Durrett's participation in the board action concerning Housley resulted in a violation of Housley's right to a fair and impartial decision. The defendants do not concede as alleged by Housley that Durrett submitted the reasons for Housley's nonreemployment to the board. The defendants do assert, however, that even assuming the plaintiff's allegations are true, such allegations supply no support for Housley's claim because:

1) Durrett was only one of five members of the district's board of trustees and the results would have been the same without his vote on any relevant matter;

2) The district's action was sustained by a completely neutral hearing officer; and

3) The board agreed to be bound by the decision of the hearing officer even if the hearing officer's decision turned out to be adverse to the initial action of the board.

Housley has submitted no evidence to show that the actions of Durrett in regard to Housley's reemployment were based on any bias or ill-will held by Durrett toward Housley. The purpose of the hearing was to afford Housley an opportunity to present matters that would show Durrett's bias or to present other extenuating or exculpating evidence. The court is of the opinion that a past history of disagree-

ments between Housley and Durrett does not in and of itself establish a lack of due process in the instant case of a violation of the SEPL. The plaintiff has not shown that the board members exhibited unfairness or lack of impartiality in their actions. Further, even had Durrett not participated in the board's decision, the vote of the board would have been two disapproving reemployment, one approving reemployment and one abstaining. Thus, even without Durrett's vote, a majority of the voting board had voted not to reemploy Housley.

Section 37–9–109 provides that an employee is entitled to receive a fair and impartial hearing before the board or before a hearing officer. In the instant case Housley received a fair and impartial hearing before a hearing officer. Thus, even assuming that Durrett was not impartial, the requirements of the statute were still fulfilled.

The court concludes that the requirements of § 37–9–101, *et seq.* were totally met in the instant case and that no rights of Housley were violated. The parties have agreed upon all of the material facts necessary for this opinion. The controversy here is a pure question of law and the court has resolved this question in favor of the defendant. Accordingly, the defendant's motion for summary judgment on the plaintiff's federal claims should be and is hereby granted.

■ The defendant North Panola Consolidated School District Board of Trustees has also moved for summary judgment on its counterclaim. Pursuant to § 37–9–111 the Board of Trustees caused stenographic notes to be made of the administrative hearing in this matter. Section 37–9–111 provides that in the event of a judicial appeal of the board's decision under § 37–9–113, the expense of the transcript and notes is to be assessed as court costs against the unsuccessful party. Although the plaintiff has sought review of the board's action in federal court instead of in state court as provided by the Act, the defendant asserts that the Act should apply and that it should be reimbursed for its costs in providing the notes and transcripts

from the stenographer's report. The court is of the opinion that the instant action is not pursuant to this Mississippi Code section. The instant action is not an appeal, and the provision for transcript costs is not applicable. Thus, the defendant is not entitled to these costs pursuant to the statute.

An order in compliance with this opinion shall this day be entered.