HAWKINS, Presiding Justice,
for the Court:
The Stone County School Board appeals a holding of the Chancery Court finding that the Board’s decision not to rehire Milton McMaster was unlawful as it was based solely on hearsay testimony in violation of § 37-9-111(5) Miss.Code Ann. (Supp.1990). The Chancery Court found that the Board decision was not supported by any substantial evidence and was arbitrary and capricious.
FACTS
The Stone County Board of Education informed Mr. Milton McMaster, a learning disability teacher, that he was not recommended for re-employment for the school year 1987-88 in March of 1987. The Board based its decision on a projected decrease in enrollment in the learning disability program. Due to this decrease in student enrollment, the school system needed fewer learning disability teachers. As Mr. McMaster was one of the last two learning disability teachers hired and was teaching under an emergency certificate for the learning disability program, the Board declined to re-employ him.
The Stone County School Board held hearings on the decision not to re-employ Mr. McMaster and Ms. Neieee Dickey, a similarly situated Stone County Learning Disabilities teacher, on March 27, March 28 and May 4, 1987. The Stone County School System presented three witnesses. These witnesses were Ms. Kathleen Kirker, an examiner in the Stone County School System, Mr. Danzey, the Superintendent of the Stone County Schools and Ms. Hatten, Principal of Stone County Elementary.
Ms. Kirker was the first witness to testify at the hearing. The Stone County School system employed Ms. Kirker as an examiner. Her job was to administer individual intelligence and achievement tests to students in the special education program. This job expanded to include the duties of special education program director due to a lack of funds in the school system. Ms. Kirker testified that Mr. McMaster was employed as a learning disability teacher. She stated that such positions were funded by the State and the amount of money available was proportionate to the number of students involved in the program. Ms. Kirker along with Mr. Danzey studied the number of enrolled learning disability students to project the need for learning disability teachers in the 1987-88 school year. Ms. Kirker testified that she personally projected the reduced number of learning disability students and teachers. Ms. Kirk-er then submitted this estimate to Ms. Debra Hale. Ms. Hale supervised the state *754 funding for Stone County Schools. Ms. Hale determined that to justify eight learning disability teachers Stone County needed a minimum of one hundred twenty-seven (127) students in the learning disability program. Ms. Hale and Ms. Kirker determined that Stone County had a projected ninety-four (94) learning disability students. Although Ms. Kirker supplied the information Ms. Hale compiled the computations used in an exhibit in the hearings before the School Board.
The next witness to testify in the hearing was Mr. Danzey, Superintendent of Education for Stone County. Mr. Danzey testified that prior to making the decision to eliminate two learning disability teacher positions, he determined that this reduction was required based on the projections of a decreased number of students involved in the learning disability program. Mr. Dan-zey and Ms. Kirker determined that there would be approximately ninety-three (93) students enrolled in the learning disability classes. Mr. Danzey eliminated the positions of the last two teachers hired, Ms. Neicee Dickey and Mr. Milton McMaster. Both of these individuals were teaching under emergency certificates. Mr. Danzey also testified that there would be no money in the local district to pay for the salaries of two learning disability teachers if the school retained all eight teachers and the State did not provide funding. Mr. Danzey testified that if he were overly liberal in his estimate of the number of students enrolled in the learning disability classes the school district would have to pick up the learning disability salaries not funded by the State Department of Education.
The next witness was Deanna Hatten, principal of the Stone County Elementary School. Ms. Hatten testified that the numbers for the learning disability students came through her office. She admitted that she had no independent knowledge of the number of learning disability students other than those in her school. She concluded the learning disability program needed two fewer teachers for the 1987-88 school year than were necessary for the 1986-87 school year.
Upon appeal the Chancery Court found that hearsay evidence was the sole basis for the determination of facts by the Board and the Board’s decision was thus in violation of Section 37-9-111 of the Mississippi Code Annotated. The Chancery Court reversed the Board’s decision on these grounds. The Board has appealed.
LAW
Section 37-9-111 of Miss.Code Ann. (Supp.1990) provides in pertinent part:
(5) In conducting this hearing, the board or hearing officer shall not be bound by common law or by statutory rules of evidence or by technical or formal rules of procedure except as provided in section 37-9-101 to 37-9-113, but may conduct such hearing in such manner as best to ascertain the rights of the parties, provided, however, hearsay evidence, if admitted shall not be the sole basis for the determination of facts by the board or hearing officer.
This case is controlled by Tanner v. Hazelhurst Municipal Separate School District, 427 So.2d 977 (Miss.1983). The judgment of the Chancery Court is reversed and the decision of the Board is reinstated.
REVERSED AND RENDERED.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.