# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-01027-COA

NANCY RAY                                                              APPELLANT

v.

LOWNDES COUNTY SCHOOL DISTRICT                                        APPELLEE

DATE OF JUDGMENT:              06/03/2015
TRIAL JUDGE:                   HON. H. J. DAVIDSON JR.
COURT FROM WHICH APPEALED:     LOWNDES COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:        ROBERT M. LOGAN JR.
ATTORNEYS FOR APPELLEE:        JEFFREY CARTER SMITH
                               COURTNEY BRADFORD SMITH
NATURE OF THE CASE:            CIVIL - STATE BOARDS AND AGENCIES
TRIAL COURT DISPOSITION:       AFFIRMED DECISION OF LOWNDES
                               COUNTY SCHOOL BOARD
DISPOSITION:                   AFFIRMED - 12/13/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., JAMES AND GREENLEE, JJ.**

**JAMES, J., FOR THE COURT:**

¶1.     Nancy Ray appeals the nonrenewal of her teacher contract by the Lowndes County

School District ("LCSD").   After a hearing under Mississippi Code Annotated section

37-9-109 (Rev. 2013), the Lowndes County School Board (the "Board") affirmed the

decision of LCSD.  Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     Nancy Ray taught at West Lowndes High School ("WLHS") from 2012 to 2014.  At

the end of the 2012-2013 school year, Charles Jackson and Dr. Greg Stephens, WLHS's

principal and assistant principal, evaluated Ray's classroom performance.  Dr. Stephens

recommended nonrenewal, but Jackson decided to implement a plan of improvement instead after consulting with Lynn Wright, LCSD's superintendent. Ray signed the plan, which provided that if Ray did not "satisfactorily" complete it she would be subject to nonrenewal. The plan applied to the 2013-2014 school year and listed five areas of deficiency.

¶3. The principals performed periodic evaluations throughout the school year. Dr. Robin Ballard, the assistant superintendent for curriculum instruction, evaluated Ray for Jackson when Jackson was on medical leave in the fall of 2013. Dr. Ballard felt that Ray still had deficiencies in early December. Late in December, after several evaluations, Ray met with all of the administrators. At the meeting, the administrators noted that Ray had shown some improvement in three areas of the plan but that two areas were still lacking. After this meeting, Dr. Ballard drafted a second plan of improvement, which Ray signed. The second plan of improvement listed two areas of deficiency. Ray claimed these two areas were in addition to the initial five areas, but LCSD disputed this at the hearing.

¶4. Also, during the 2013-2014 school year, LCSD was a pilot district for the M-Star evaluation program. LCSD administrators used the M-Star evaluation program as a part of their evaluation of teachers, but it was not to be used as the sole criteria until the 2016-2017 school year, as the program was not yet fully implemented.

¶5. On March 21, 2014, after additional evaluations, a meeting was held to assess Ray's performance. At the meeting, there was quite a bit of tension. Ray raised her voice at the administrators and made derogatory remarks toward Dr. Ballard. Ray alleged that she felt like she was being "railroaded" after working hard to meet the terms of the plans. During

2

the meeting, Ray wrote "MEA" on a piece of paper, referring presumably to a teacher's organization. Ray felt that LCSD held her membership in MEA against her.

¶6. After the meeting with Ray, Dr. Ballard drafted a third plan of improvement to present to the administrators. When the administrators met to consider whether to implement the third plan, they voted unanimously to nonrenew Ray. On April 3, 2014, LCSD notified Ray of its decision to nonrenew her contract for the 2014-2015 school year. At Ray's request, a hearing was held on the decision.

¶7. At the hearing, Jackson testified that he and Dr. Stephens had decided to nonrenew Ray after a conversation they had at the end of the 2012-2013 school year. This decision was based on Dr. Stephens's review of Ray, which was "not positive." Dr. Stephens claimed that "a litany of things . . . led" to the decision to nonrenew Ray, including "complaints." Dr. Stephens testified that Ray had not shown any improvement in two of the areas of the improvement plan by the fall of 2013 and only marginal improvement in the other three areas. Dr. Stephens also testified that his office had received additional complaints from parents regarding Ray's teaching during the 2013-2014 school year. Dr. Ballard testified that Ray's presentation style was disjointed, and she was just beginning to teach concepts in December that should have been taught earlier in the semester. Dr. Ballard agreed with Dr. Stephens that Ray had not shown any improvement in two areas of the plan.

¶8. After the hearing, the Board affirmed the decision of LCSD. Next, Ray appealed the Board's decision to the Chancery Court of Lowndes County. The chancery court affirmed the Board's decision and found that "LCSD had sufficient reasons to not renew [Ray's]

contract." Emphasizing the unanimous decision to nonrenew and the hearing held on the decision, the chancery court found the procedure to be fundamentally fair and that Ray's due-process rights were not violated. Ray now appeals to this Court.

## STANDARD OF REVIEW

¶9. "When this Court reviews a decision by a chancery or circuit court concerning an agency action, we apply the same standard of review that the lower courts are bound to follow." *Robey v. Cleveland Sch. Dist.*, 138 So. 3d 230, 232 (¶6) (Miss. Ct. App. 2014). Mississippi Code Annotated section 37-9-113(3) (Rev. 2013) provides the standard of review of a school-board decision:

> The scope of review of the chancery court in such cases shall be limited to a review of the record made before the school board or hearing officer to determine if the action of the school board is unlawful for the reason that it was:
>
> (a) Not supported by any substantial evidence;
>
> (b) Arbitrary or capricious; or
>
> (c) In violation of some statutory or constitutional right of the employee.

## DISCUSSION

¶10. LCSD's nonrenewal was supported by substantial evidence. The initial letter to Ray from LCSD informed Ray of the decision to nonrenew her contract and cited Ray's failure to abide by the improvement plans. In addition, upon review, the Board found that "the Superintendent was proper in non-renewing." In its decision, the Board cited Ray's inadequate job performance and her failure to adhere to the plans of improvement.

4

¶11. The hearing testimony supported the Board's findings. The reasons discussed between Dr. Stephens and Jackson, in their initial conference before the 2013-2014 school year, were sufficient grounds for nonrenewal, but Jackson and Wright decided to extend Ray an additional opportunity to perform under an improvement plan.

¶12. The hearing testimony showed that Ray did not fully perform under the improvement plan. While she exhibited marginal improvement in three areas, she did not improve in two of the areas listed. Despite this, LCSD offered Ray another opportunity to improve with the amended improvement plan. Ray failed to complete the amended improvement plan as well. Plus, Drs. Stephens and Ballard testified that Ray did not "shadow" another teacher in the district as required by the plan.

¶13. While there were multiple reasons that justified LCSD's decision to nonrenew, "[i]t is settled law that where the record supports one valid reason to discharge a licensed school district employee, the [B]oard's decision will not be disturbed." *Amite Cty. Sch. Dist. v. Floyd*, 935 So. 2d 1034, 1045 (¶29) (Miss. Ct. App. 2005). Additionally, substantial evidence "is something more than a 'mere scintilla' of evidence and does not rise to the level of a preponderance of the evidence." *Harris v. Canton Separate Pub. Sch. Bd. of Educ.*, 655 So. 2d 898, 902 (Miss. 1995) (citation omitted). The hearing testimony is uncontradicted that if Ray did not "satisfactorily" complete the plans she would be subject to nonrenewal. Further, Ray had initially been recommended for nonrenewal before LCSD offered her a second and third chance to perform with the improvement plans.[1] In addition, there were a

---

[1] Ray argues that LCSD's use of the M-Star evaluation program is in violation of its own policies. This argument is not supported by the record. Jackson and Dr. Ballard both

number of complaints about Ray, both before the 2013-2014 school year and during it.

¶14.  LCSD's decision to nonrenew Ray's contract was not arbitrary or capricious.  "An arbitrary act is not done according to reason or judgment, but on will alone." *Robey*, 138 So. 3d at 234 (¶19).  "Capricious means . . . done without reason . . . implying either a lack of understanding of or a disregard for the surrounding facts and settled controlling principles." *Id*. (quotation omitted).  Here, Ray failed to "satisfactorily" complete the improvement plans. Therefore, LCSD's decision was not arbitrary or capricious.

¶15.  Ray's argument that the Board converted the proceedings to a termination proceeding under Mississippi Code Annotated section 37-9-59 (Supp. 2016) is unpersuasive.  It is clear from the record that Ray was not "dismiss[ed] or suspend[ed]" from her position. *Id*.  LCSD chose to nonrenew Ray's contract—not dismiss her.  As the chancellor observed, "This is and was an action for nonrenewal and not for termination . . . .  The evidence justified nonrenewal, and the charge of insubordination is mere surplusage to that decision."  Whether or not Ray's actions constituted insubordination is irrelevant because the Board found that LCSD had sufficient reasons to nonrenew.  Ray's nonrenewal hearing was not automatically converted to a termination proceeding by the Board citing the termination statute in its conclusions of law.  The Board stated, "the School Board . . . does hereby affirm and concur with the finding of the Superintendent and non-renew the contract of the 2013/2014 School Year of Nancy Ray."  Thus, Ray's contract was nonrenewed, and LCSD did not "dismiss or

testified that LCSD was a pilot district for the program and that it was not fully implemented.  As the chancellor recognized, "this Court does not find that the use or nonuse of the M-[S]tar [evaluation program] would change the outcome.  Reasons existed for the decision in the beginning and at the end."

suspend" her.

¶16.   In addition, LCSD did not violate any of Ray's constitutional rights.  Ray failed to demonstrate that her membership in the MEA played any role in LCSD's decision.  *See Tanner v. Hazlehurst Mun. Separate Sch. Dist.*, 427 So. 2d 977, 979 (Miss. 1983) ("Although it is readily acknowledged that membership in a union is protected by the right to freedom of association, the record is devoid of any indication that [the teacher's] membership was considered in the district's decision.").

**CONCLUSION**

¶17.   Ray was initially recommended for nonrenewal based on her performance reviews before she entered any improvement plans.  Further, she failed to "satisfactorily" complete both of the improvement plans that LCSD offered her.  Therefore, LCSD's decision to nonrenew Ray's contract was supported by substantial evidence and was not arbitrary or capricious.  Further, Ray's statutory and constitutional rights were not violated.  As a result, we affirm the decision of the chancery court.

¶18.   **THE JUDGMENT OF THE CHANCERY COURT OF LOWNDES COUNTY IS AFFIRMED.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, WILSON AND GREENLEE, JJ., CONCUR.**