508 So.2d 1091 (1987)
DeSOTO COUNTY SCHOOL BOARD, Harvey G. Ferguson, Jr., President, and Albert L. Broadway, Superintendent
v.
Kathryn GARRETT and Billie S. Payette.
No. 56723.
Supreme Court of Mississippi.
May 27, 1987.
Brooks Eason, David W. Watkins, Lisa E. Bourdeaux, Brunini, Grantham, Grower & Hewes, Jackson, James E. Woods, Bridgeforth, Woods & Snyder, Olive Branch, for appellant.
Jack R. Jones, III, Taylor, Jones, Alexander, Greenlee, Seale & Ryan, Southaven, Warner Hodges, III, Germantown, for appellee.
Before ROY NOBLE LEE, P.J., and SULLIVAN and GRIFFIN, JJ.
SULLIVAN, Justice, For the Court:
The Chancery Court of DeSoto County, Mississippi, determined that the School Employment Procedures Law of 1977, Mississippi Code Annotated, § 37-9-101, et seq., (Supp. 1986), applied to an offer of reemployment to an inferior position at a reduced salary in the DeSoto County School System. The DeSoto County School Board appeals that decision on the grounds that:
*1092 I. The chancery court erred in holding that the School Employment Procedures Act, Mississippi Code Annotated, § 37-9-101 through 37-9-113 (Supp. 1986), applied to the reassignment of appellees Kathryn Garrett and Billie S. Payette from positions as principals to positions as classroom teachers; and
II. The chancery court erred in ordering reinstatement of appellees Garrett and Payette to their positions as principals.
Mrs. Garrett and Mrs. Payette have been employed for a number of years as principals in the DeSoto County School System. On February 28, 1985, they received written notice that they would not be recommended as principals for the 1985-86 school year, which commenced July 1, 1985. They, instead, would be offered contracts only as teachers within that school system.
Both of them requested written reasons for the failure to renew their contracts as principals and a hearing before the DeSoto County School Board. Superintendent Albert L. Broadway informed them by letter that the hearings had been scheduled for March 25, 1985, and listed four reasons for the nonrenewal of their contracts. These reasons were: (1) failure to adequately supervise the instructional program in your school; (2) failure to communicate effectively; (3) failure to assume responsibility over personnel and also provide positive relations with same; and (4) ineffective administrative leadership skills.
Prior to the hearings, the attorneys for both Mrs. Garrett and Mrs. Payette filed written requests for specific reasons for the decision not to renew their contracts and asked for dates, times, places, and persons involved; all of which were denied.
Through her attorney, Mrs. Garrett wrote Mr. Broadway and stated that the School Employment Procedures Law applied and it mandated not only detailed factual summaries be given for the reasons for nonreemployment, but also that Mrs. Garrett have the opportunity to present witnesses and to cross-examine the witnesses against her. Superintendent Broadway responded that the procedures law did not apply.
On March 25, 1985, the board meeting was held and neither Garrett or Payette were allowed to present witnesses or to have, in advance, specific reasons for failure to renew their contracts, other than the generalized statements set forth above. In both instances the board voted not to renew their contracts as principals. However, the board did offer both appellees employment contracts as classroom teachers for 1985-86.
Mrs. Garrett and Mrs. Payette filed a joint petition for writ of certiorari and for injunctive relief in the Chancery Court of DeSoto County, alleging that the reassignments constituted a failure to renew employment as principals and that compliance with the procedures law was mandated. They sought a remand for a hearing in compliance with the law before the board or in the alternative, for reinstatement to their former positions as principals with back pay. In its answer the school board admitted that the hearings did not comply with the procedures law because the procedures law was not applicable.
After a hearing the chancellor concluded that the procedures law applied to an offer of reemployment in a different position, at a reduced salary; in short, a demotion. The chancellor rejected the idea that this was merely a reassignment as it did not occur within the same school year and, thus the argument of the school board that Mrs. Garrett and Mrs. Payette had agreed to reassignment was not applicable to the factual situation at hand. The chancellor ordered the board to reinstate Mrs. Garrett and Mrs. Payette as principals until such time as the school board complied with the procedures law.
On July 19, 1985, the DeSoto County School Board appealed this ruling.

I.

WHETHER THE CHANCERY COURT ERRED?
The sole issue in this case is whether the School Employment Procedures Law of 1977, Mississippi Code Annotated, § 37-9-101, *1093 et seq. (Supp. 1986), is applicable to the failure of the DeSoto County School Superintendent to offer the appellees a renewal of their contracts as school principals for the year 1985-1986.
The School Employment Procedures Law, Mississippi Code Annotated, § 37-9-101 (Supp. 1986), is as follows:
§ 37-9-101. Short title; declaration of legislative intent.
Sections 37-9-101 to 37-9-113 shall be known as and cited as the "School Employment Procedures Law of 1977."
It is the intent of the legislature to establish procedures for providing public school employees with notice of the reasons for not offering an employee a renewal of his contract, to provide an opportunity for the employee to present matters in extenuation or exculpation to enable the board to determine whether the recommendation of nonemployment is a proper employment decision and not contrary to law, and not to establish a system of tenure or require that all decisions of nonreemployment be based upon cause with respect to employment in the school district. (Emphasis added).
From a reading of this statute it is evident that the instant case is provided for. There are certain procedures to be followed when a public school employee is not offered a "renewal of his contract."
Mississippi Code Annotated, § 37-9-105 (Supp. 1986) provides:
§ 37-9-105. Written notice of determination not to offer employee renewal contract shall be given; time therefor.
In the event that a determination is made by a school district not to offer an employee a renewal contract for a successive year, written notice of nonrenewal shall be given within seven (7) days of the date when the recommendation to reemploy would have been made under the provisions of sections 37-9-15 and 37-9-17, and amendments thereto, but in any event no later than the following:
* * * * * *
(b) If the employee is a principal, the school district shall give notice of nonreemployment on or before March 1; (Emphasis Added).
While the school board did provide a hearing to Mrs. Garrett and Mrs. Payette, it did not comply with Section 37-9-111 of the Mississippi Code Annotated (Supp. 1986), as neither employee was given the opportunity to present witnesses on her behalf nor to cross-examine witnesses against her. Nor were they presented the specific instances to cover the general complaints against them nor were they provided with the source of any information concerning the allegations against them.
The school board takes the position that the procedures law does not apply since the appellees were given an opportunity to enter a new contract as teachers. This argument is that the law only applies to "termination" and since the principals were offered some position this is not termination or nonreemployment. What it is, is a nonrenewal of a contract, a situation for which an employee is provided certain procedural rights. See Mississippi Code Annotated, § 37-9-101 (Supp. 1986). See also, Noxubee County School Board v. Cannon, 485 So.2d 302, 304 (Miss. 1986).
"It is well settled law that under the legislative acts the procedural requirements of timely notice and hearing must be met in order to deny reemployment." Calhoun County Board of Education v. Hamblin, 360 So.2d 1236, 1239 (Miss. 1978); McDonald v. East Jasper County School District, 351 So.2d 531 (Miss. 1977); Jackson v. Board of Education of Oktibbeha County, 349 So.2d 550 (Miss. 1977).
It must be noted that the question in this case does not involve the school board's right to refuse to renew the contracts of these principals. Jackson v. Hazlehurst Municipal Separate School District, 427 So.2d 134 (Miss. 1983); Tanner v. Hazlehurst Municipal Separate School District, 427 So.2d 977 (Miss. 1983). This case simply involves the procedural rights afforded these women in the event the school board opted not to renew their contracts.
*1094 Based on the plain language of the statute and the factual determination made by the chancellor, we are of the opinion that the School Employment Procedures Law is applicable to this situation, and the chancellor did not err in so finding.

II.

WHETHER THE CHANCERY COURT ERRED IN ORDERING REINSTATEMENT OF APPELLEES GARRETT AND PAYETTE TO THEIR POSITIONS AS PRINCIPALS?
This specific assignment of error is not addressed separately by the school board and is only remotely argued under their first assignment of error. We have repeatedly held that "where assignments of error are unsupported by argument or authority, we do not as a general rule consider them." Tutor v. Tutor, 494 So.2d 362, 363 (Miss. 1986).
Assuming arguendo that the point was properly before us, we are of the opinion that the assignment has no merit.
In Noxubee County School Board of Education v. Cannon, supra, we focused on the "nonrenewal of contract" language of the statute. We held that the school board's failure to abide by the dictates of the School Employment Procedures Law resulted in an automatic renewal of the contract for the ensuing year, "[F]ailure of the school board to abide by the dictates of the statute results in an automatic renewal of the teaching contract for the ensuing year. (Citations omitted)." Cannon at 304. But see, Noxubee County Board of Education v. Overton, 483 So.2d 301 (Miss. 1985).
The intent of the procedures law was to provide public school employees with notice and an opportunity to be heard before being removed from their positions. In this case the school board reduced Mrs. Payette and Mrs. Garrett's positions, including their salaries and duties without abiding by the due process procedures prescribed in that act. If we adopted the position argued by the school board it would allow for the avoidance of the due process procedures in the case of any superintendent or principal by simply removing them from their position and reassigning them to a lesser position which reduced their responsibilities and salaries.
This contradicts the intent of the legislature in enacting the School Employment Procedures Law. Therefore, this assignment of error is without merit.
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, ANDERSON and GRIFFIN, JJ. concur.