DAN M. LEE, Presiding Justice,
for the court:

STATEMENT OF THE CASE

Dr. Christopher Gelenter [Gelenter] first entered into a contract with the Greenville Municipal Separate School District [District] to perform the duties of principal at Fulwiler Elementary for the 1988-89 school year. Subsequently, Gelenter’s contract was renewed for the following school year, 1989-90. By letter dated February 16, 1990, Gelenter was informed by Dr. Nolan Vickers, the Superintendent of the District, that he would not be recommended to the School Board for reemployment.
Gelenter responded with a written request for the Superintendent’s reasons and a hearing. Pursuant to Miss.Code Ann. § 37-9-111 (1972), Gelenter was afforded a hearing which was conducted by a hearing officer appointed by the School Board. The hearing officer concluded that the decision of the Superintendent was “not supported by substantial evidence, and [was] arbitrary and capricious.” His recommendation was that “a contract be issued to Christopher Gelenter for the 1990-91 school year.”
In its decision dated May 81, 1990, the School Board found, based on the hearing record, that “the decision made by Nolan Vickers not to renew the contract of Christopher Gelenter as an administrative employee of the Greenville Public School District for the 1990-91 year was not a proper employment decision.” Citing numerous instances of what was deemed poor professional judgment, however, the Board determined that Gelenter should not be renewed as the Principal of Fulwiler or any other school. Accordingly, the Board ordered that Gelenter be renewed as an assistant principal or in an appropriate administrative position other than principal.
On June 22, 1990, Gelenter filed his appeal from the School Board’s decision in the Washington County Chancery Court. On July 27, 1990, during the pendency of his appeal, Gelenter obtained an injunction requiring the District to extend to him “that contract promised to him on May 31, 1990.” The Board complied by appointing him assistant principal at Greenville High School at the same certification level and annual pay. Gelenter was subsequently offered and accepted renewal in this position for school year 1991-92.
The lower court ruled favorably on Gelen-ter’s appeal on March 15, 1991, holding that the only recourse for the School Board upon finding a non-renewal decision to be arbitrary was to offer “an employment contract in substantial particulars the same as the previous year’s contract.” On May 21, 1991, however, the lower court ruled that it only had jurisdiction over the question of renewal for the 1990-91 school year. Accordingly, an order was entered remanding the ease to the Board for entry of an order reinstating Gel-enter as a principal for the remainder of the 1990-91 school year. The Board complied by appointing him as principal at Garrett Hall, an alternative school for children with behavioral problems. At the time of the lower court’s judgment, school was out and only 40 days remained in the 1990-91 contract year.
Gelenter appealed the portion of the chancellor’s ruling limiting relief to the 1990-91 school year, assigning the following as error:
I. THE LOWER COURT ERRED BY NOT RULING THAT THE SCHOOL EMPLOYMENT PROCEDURES ACT, MISS.CODE ANN. § 37-9-111 REQUIRES A SCHOOL BOARD TO RENEW FOR A FULL YEAR THE CONTRACT OF ANY CERTIFIED EDUCATOR WHO PROVES THAT THE BASIS OR *265 REASONS FOR NON-RENEWAL WERE ARBITRARY, LACKING IN SUBSTANTIAL JUSTIFICATION OR OTHERWISE INAPPROPRIATE.
II. THE LOWER COURT ERRED AS A MATTER OF LAW BY FAILING TO RENEW THE TERMS AND CONDITIONS OF DR. GELEN-TER’S 1989-90 CONTRACT, INCLUDING RENEWAL OF HIS DUTIES AND RESPONSIBILITIES AS PRINCIPAL FOR A FULL YEAR.
The District cross-appealed assigning the following as error on the part of the lower court:
I. THE LOWER COURT ERRED IN ASSUMING JURISDICTION OVER THE APPEAL.
II. THE LOWER COURT ERRED IN REVERSING THE SCHOOL BOARD’S DECISION ON THE BASIS OF LACK OF AUTHORITY.

STATEMENT OF THE FACTS

Understandably, Dr. Gelenter “has no quarrel” with the lower court’s finding that the decision not to renew his contract as principal was arbitrary. He challenges only the remedy ordered, i.e., renewal for less than a full year. On cross-appeal, the School Board raises two legal challenges to the ruling below. Neither side has asked this Court to determine whether the refusal to renew was an “appropriate employment decision” as that phrase is used in § 37-9-111. Consequently, a detailed review of the evidence considered by the hearing officer, the School Board, and the chancellor is not necessary. Accordingly, we focus on the procedures utilized.

Notice and Hearing.

In response to his request for a written statement of the reasons why he was not renewed, Gelenter received a letter stating:
1. The reasons for the decision not to renew Dr. Gelenter’s contract are as follows:
A.Dr. Gelenter failed to follow specific directives of his supervisors.
B. Dr. Gelenter failed to cooperate with district administrative staff personnel in their efforts to assist him in the proper performance of his duties as the principal of Fulwiler Elementary School.
C. Dr. Gelenter provided incomplete and misleading information on his initial application for employment with the Greenville Municipal Separate School District.
At the hearing, evidence was received from a variety of witnesses over a period of two days, April 11, and April 13, 1990. On May 14, 1990, the Hearing Officer rendered his Report and Recommendation. The findings on each of the allegations are summarized below.

Dr. Gelenter failed to follow specific directives of his supervisors.

This allegation related to Gelenter’s practice of transporting students off-campus for disciplinary or other reasons and his use of federally subsidized Chapter I teaching aides for non-approved duties. With respect to the transportation issue, the hearing officer found:
[T]hat at all times relevant the Green-ville Public School System did not have a clearly defined and disseminated policy regarding the transportation of students.
[[Image here]]
Where the members of the Central Administration cannot agree upon what is policy or the content of an unwritten directive, it is beyond reason to hold- subordinates accountable for not following that directive.
As for the misuse of teaching aides, the hearing officer found:
[T]hat Christopher Gelenter used aides in a manner inconsistent with law and regulation.
The Hearing Officer finds that the official policy of the Greenville School District, as disseminated by written memorandum, is that aides are to only be used in accordance with applicable law and regulation.
[[Image here]]
*266 The Hearing officer concludes that official policy notwithstanding, it was an acceptable practice of the District to do lip service to the policy, while using aides in a manner inconsistent with applicable regulations.

Dr. Gelenter failed to cooperate with district administrative staff personnel in their efforts to assist him in the proper performance of his duties as the principal of Fulwiler Elementary School.

The evidence on this allegation tended to be more general and abstract than the specific testimony offered in support of the failure to follow directives. The Hearing Officer stated:
The Hearing Officer listened to the testimony of Gelenter, and observed very carefully his actions during the hearing. These things, coupled with the testimony of Peyton and McCullum, suggest that for reasons not appearing in the record, a certain level of friction exists between Vickers [district superintendent], Sweatt [assistant superintendent], and Gelenter. However, the mere raising of questions or even personal dislike, do not automatically establish a person as uncooperative.
The Hearing Officer concludes that this allegation is not supported by substantial evidence.

Dr. Gelenter provided incomplete and misleading information on his initial application for employment with the Greenville Municipal Separate School District.

With respect to this allegation, the Hearing Officer made the following finding:
There is no doubt that Gelenter failed to include upon his employment application his teaching experience in the Austin School District. However, there is nothing in the record to suggest that this was deliberate effort to provide misleading information. Of great interest to the Hearing Officer is the fact that since becoming aware of this matter, the Administration has made no effort to ascertain the nature and type of experience enjoyed by Gelen-ter with the Austin School District.
The Hearing Officer finds, as a matter of fact, that the failure to include the information regarding employment in the Austin School District was inadvertent, rather than a deliberate attempt to provide inaccurate and misleading information.
Based on the findings set out above, the hearing officer recommended that a contract be issued to Gelenter for the 1990-91 school year.

Decision of the School Board.

The School Board agreed with the hearing officer that the grounds cited by Vickers for not renewing Gelenter were not sufficient to justify the decision. The Board also held, however, that Gelenter, “presented no substantial evidence that Nolan Vickers’ decision not to renew his contract was based on constitutionally impermissible grounds, such as the exercise of rights constitutionally protected under the First Amendment, nor on other grounds forbidden by the Fourteenth Amendment.”
The following passage from the Decision summarizes the School Board’s position with respect to the continuing employment of Gel-enter:
While the Board, like the Hearing Officer, is skeptical about the grounds presented by the Superintendent to justify his non-renewal decision, the Board also has grave reservations concerning whether Christopher Gelenter should, at this time, continue to be employed as an elementary school principal in the Greenville Public School District. The Board is deeply concerned about Christopher Gelenter’s frequent lapses of good judgment exhibited throughout his employment with the Greenville Public School District.
The Board cited sixteen examples of poor professional judgment on the part of Gelen-ter gleaned from the record. After determining that he should not be terminated or renewed as a principal, the Board ordered that a contract be extended to Gelenter for an administrative position other than principal.

Chancery Court Appeal.

On June 22, 1990, Gelenter appealed the decision of the School Board to the Washing *267 ton County Chancery Court, challenging the Board’s authority to assign him to another position. In apparent retaliation, the District refused to offer any contract for the school year beginning June 30, 1990, necessitating an injunction from the lower court requiring the extension of the administrative contract.
The lower court’s ruling in favor of Gelen-ter was filed on March 18, 1991. The chancellor held that the School Board exceeded its statutory authority by not extending a principal contract to Gelenter after finding in his favor. By way of remedy, the chancellor ordered that Gelenter be reinstated as principal for the remainder of the 1990-91 school year (approximately 40 days). Gelenter duly perfected his appeal of that portion of the lower court’s decision awarding him a contract for less than a full school year. On cross-appeal, the Board asks this Court to reverse the decision of lower court and reinstate the decision of the School Board.

DISCUSSION

I. THE LOWER COURT ERRED BY NOT RULING THAT THE SCHOOL EMPLOYMENT PROCEDURES ACT, MISS.CODE ANN. § 37-9-111 REQUIRES A SCHOOL BOARD TO RENEW FOR A FULL YEAR THE CONTRACT OF ANY CERTIFIED EDUCATOR WHO PROVES THAT THE BASIS OR REASONS FOR NON-RENEWAL WERE ARBITRARY, LACKING IN SUBSTANTIAL JUSTIFICATION OR OTHERWISE INAPPROPRIATE.
II. THE LOWER COURT ERRED AS A MATTER OF LAW BY FAILING TO RENEW THE TERMS AND CONDITIONS OF DR. GELENTER’S 1989-90 CONTRACT, INCLUDING RENEWAL OF HIS DUTIES AND RESPONSIBILITIES AS PRINCIPAL FOR A FULL YEAR.
As is readily apparent, Gelenter’s two assignments of error collapse into the single issue of what is the appropriate remedy for improper non-renewal. Of course this issue warrants consideration only if the actions of the School Board were improper. For the reasons set out in the discussion of the cross-appeal below, we hold that the decision of the School Board was not contrary to law. Accordingly, the need to address this issue further is obviated.

CROSS-APPEAL

I. THE LOWER COURT ERRED IN ASSUMING JURISDICTION OVER THE APPEAL.
The thrust of the District’s argument under this assignment is that SEPA creates appellate jurisdiction in the Chancery Court only with respect to School Board decisions not to renew. Thus, since Gelenter was reemployed in a different position at the same certification level and annual pay, the District asserts that the lower court was without authority to review the decision of the School Board. The District cites no eases to support its assertion that the lower court lacked jurisdiction and we are aware of none.
In DeSoto County School Bd. v. Garrett, 508 So.2d 1091 (Miss.1987), we addressed the applicability of SEPA to a situation involving two principals who were offered contracts as teachers for the ensuing year as follows:
The school board takes the position that the procedures law does not apply since the appellees were given an opportunity to enter a new contract as teachers. This argument is that the law only applies to “termination” and since the principals were offered some position this is not termination or nonreemployment. What it is, is a nonrenewal of a contract, a situation for which an employee is provided certain procedural rights.
Id. at 1093 (emphasis in original) (citations omitted).
Thus, our precedent clearly establishes that principals reassigned to lower paying positions are entitled to the protections of SEPA, including Chancery Court review of final School Board decisions. In the present case, the District would distinguish Garrett, on the basis that Gelenter’s contract specifically allowed for reassignment at the discretion of the Superintendent. The fact remains, however, that the District did *268 not reassign Gelenter pursuant to the terms of a valid contract but rather as part and parcel of its consideration of his nonrenewal. The same danger of nonrenewal disguised as reassignment that prompted our decision in Garrett is present in Gelenter’s. Therefore, Gelenter was entitled to the procedural rights established in SEPA.
With respect to appeals to chancery court, SEPA provides that, “any employee aggrieved by a final decision of the school board is entitled to judicial review thereof, as hereinafter provided.” Miss.Code Ann. § 37-9-113(1) (emphasis added). The statute places no limits upon the right to appeal. Gelenter was entitled to an appeal as part of the protection afforded by SEPA. Accordingly, this assignment of error is without merit.
II. THE LOWER COURT ERRED IN REVERSING THE SCHOOL BOARD’S DECISION ON THE BASIS OF LACK OF AUTHORITY.
This is the dispositive issue in this case. As noted above, the lower court held that the School Board had no authority to offer Gel-enter a contract for a position other than principal. The chancellor based this holding on Miss.Code Ann. § 37-9-111(6) which authorizes school boards to renew employee contracts, in the event of a decision in favor of the employee, and § 37 — 9—14(2)(s), which vests authority in the superintendent to make assignments and reassignments of district personnel, as well as DeSoto County School Bd. v. Garrett, 508 So.2d 1091 (Miss.1987). Specifically, the lower court stated:
[T]he Court reads DeSoto County to mean that the School District may not avoid the spirit of the Act by labelling a nonrenewal of contract as a reassignment, that is the Board may not extend an employment contract not the same in substantial particulars as the previous contract and call it a “reassignment.”
A closer reading of the passage quoted supra shows that it is not that a board may not extend a different contract, but that it must not do so without allowing the affected employee notice and an opportunity for a hearing. Gelenter received all the procedural rights contained in SEPA and Garrett is thus inapposite. Furthermore, as the District points out, the lower court’s interpretation of Miss.Code Ann. § 37-9-111(6) renders the words “have the authority” nothing more than surplusage. If the Legislature had intended mandatory renewal of the prior contract, it could have achieved that result by simply not including the phrase “have the authority.” The presence of this language strongly implies some discretion on the part of the local board.
Finally, as discussed above, the legislature in adopting SEPA expressly disavowed any intent to adopt a system of tenure for public school employees. Limiting the Board’s authority as the chancellor has attempted to do is tantamount to holding that Gelenter is entitled to a job as principal even though the evidence in the record supports the Board’s determination that he presently lacks some of skills necessary for that position. School boards are and must be statutorily vested with the discretion and flexibility to reject the grounds for non-renewal offered by a superintendent while simultaneously determining that other grounds for non-renewal are established in the record. The only alternative is the clearly impractical result of automatic reinstatement of a demonstrably deficient administrator.
Gelenter was thus not “entitled” to renewal as a principal merely because the School Board rejected the superintendent’s grounds for non-renewal. The only remaining question is whether the Board could properly initiate reassignment. It is difficult to fathom how Gelenter can complain of reassignment when there was sufficient evidence in the record to support a decision not to renew at all. At any rate, as the agency charged by statute with making decisions on continued employment, school boards possess the authority to fashion solutions exactly like the one ordered in this case. Of course such authority may not be utilized in an arbitrary or capricious manner. Accordingly, the decision of the lower court on this issue is reversed.

*269
CONCLUSION

The issues raised by Gelenter on direct appeal are without merit. The lower court erred, however, in determining that the School Board was without authority to reassign an employee for reasons supported in the record. Accordingly, the order of the lower court should be reversed and the Decision of the School Board reinstated.
AFFIRMED ON DIRECT APPEAL; REVERSED ON CROSS-APPEAL AND THE DECISION OF THE SCHOOL BOARD IS REINSTATED.
HAWKINS, C.J., PRATHER, P.J., and SULLIVAN, PITTMAN, McRAE, JAMES L. ROBERTS and SMITH, JJ., concur.
BANKS, J., dissents with separate written opinion.