874 So.2d 1019 (2004)
BOARD OF EDUCATION FOR the HOLMES COUNTY SCHOOLS, Appellant,
v.
Fred Jerry FISHER, Appellee.
No. 2002-CA-00256-COA.
Court of Appeals of Mississippi.
June 1, 2004.
*1020 Alix Henry Sanders, Greenwood, attorney for appellant.
Eduardo Alberto Flechas, James D. Bell, Madison, attorneys for appellee.
EN BANC.

MODIFIED OPINION ON MOTION FOR REHEARING[1]
SOUTHWICK, P.J., for the Court.
¶ 1. Fred Jerry Fisher was granted a summary judgment. On appeal, we agree with the Holmes County Board of Education *1021 that a genuine issue of material fact existed. We reverse and remand.
¶ 2. During the 1999-2000 school year, Fisher worked as a vocational teacher for Holmes County. He earned a salary of $41,630. In May 2000, Fisher was given a contract with a salary of $39,340 for the 2000-2001 school year. This was not for a position of vocational teacher, but rather for a sixth grade social studies teacher. This position was for 189 work days while his prior contract had been for 200 work days. His daily pay was equal in both contracts at $208.15.
¶ 3. Fisher signed the contract under protest and requested a hearing before the Board. After providing a hearing, the Board found that Fisher's rights had been upheld. Fisher filed suit in chancery court alleging that he was not given the statutorily required notice of the non-renewal of his employment contract. Fisher's motion for summary judgment was granted. The Board appeals.

DISCUSSION
¶ 4. Notice of appeal must be filed within thirty days of the entry of a final judgment. M.R.A.P. 4(a). Fisher alleges that the Board waited almost a year after the judgment on April 4, 2001, before filing a notice of appeal on February 14, 2002. The difficulty with this argument is the summary judgment finding a breach of the Board's statutory obligations only resolved liability; left open was the issue of damages. A final judgment is one for which no further action is required of the court to reach a final decision of the rights of the parties. Fortune v. Lee County Bd. of Supervisors, 725 So.2d 747, 750-51 (Miss. 1998). A summary judgment that resolves all issues is as final as any other judgment. This summary judgment, though, still left a key matter for later resolution.
¶ 5. On January 15, 2002, the chancellor entered an award of damages. That resolved all remaining issues in the case and a timely appeal was then taken.
1. Genuine issue of material fact
¶ 6. The chancellor found there were no genuine issues of material fact. We look at the same information as was before the trial judge and make our independent decision as to the correctness of that conclusion. Hudson v. Courtesy Motors, 794 So.2d 999, 1002 (Miss.2001).
¶ 7. The chancellor found that the contractual offer extended to Fisher for the 2000-2001 school year was a "demotion" from his prior contract. DeSoto County Sch. Bd. v. Garrett, 508 So.2d 1091, 1093 (Miss.1987). A statute requires timely notice to a teacher whose contract is not going to be renewed for the subsequent school year. Miss.Code Ann. § 37-9-105 (Rev.2001). The key legal and factual issue is whether Fisher's new contract was something less than a "renewal."
¶ 8. The purpose of the statute requiring notice for non-renewal of teaching contracts was "to provide public school employees with notice of the reasons for not offering an employee a renewal of his contract" but not to "establish a system of tenure." Miss.Code Ann. § 37-9-101 (Rev.2001). The statute provided minimum process due to those educators who were not offered the benefits of their existing contract for the following school year.
¶ 9. Fisher's contract for the 1999-2000 school year stated that the Board had the discretion to reassign him to another position. The 2000-2001 contract contained the same provision. The school superintendent has the authority to reassign an employee if the new position was "an area in which the employee has a valid license issued by the State Department of Education." Miss.Code Ann. § 37-9-14(2)(s) *1022 (Rev.2001). Complaints from personnel concerning a reassignment are to be reviewed by the school board. Id. Fisher's reassignment is within the authority of the superintendent since Fisher is certified to teach both reading and social studies. Reassignment would not per se be a different contract. Making the reassignment effective at the beginning of the next school year would not be a per se failure to renew. There is a genuine issue of material fact on whether a change to a comparable position could be a renewal and not a demotion.
¶ 10. Each school principal must recommend the teachers that should be offered employment for the next school year. Miss.Code Ann. § 37-9-17(1) (Rev.2001). In general, the school year for teachers must be at least 187 days. Miss.Code Ann. § 37-9-24(1) (Rev.2001). The recommendations are given to the superintendent and, when approved, the superintendent offers an employment contract to the teacher. Miss.Code Ann. § 37-9-17(1) (Rev.2001).
¶ 11. A renewal of a contract does not necessarily mean that the exact terms of the prior contract will resurface in the contract for the following school year. "Non-renewal" is not defined in the statute and there is no basis to infer that the mere changing of terms in the contract is in and of itself a non-renewal. In Garrett, teaching positions were given to former principals. Garrett, 508 So.2d at 1092. The Court determined that this was a demotion since principals were offered less pay in the teaching positions. Id. at 1092. This demotion was not a "renewed contract" and was adverse to the principals, therefore process was due. Id. at 1093.
¶ 12. In Garrett, a demotion took place since a principal was moved to the inferior position of a teacher. Here, Fisher was moved from one teacher position to another teacher position. The issue of whether he was demoted is not self-evident, i.e., is not beyond dispute of material fact. Garrett does not define "demotion." We find relevant a federal district court's effort to define the term:
A demotion includes any reassignment (1) under which the staff member receives less pay or has less responsibility than under the assignment he held previously, (2) which requires a lesser degree of skill than did the assignment he held previously, or (3) under which the staff member is asked to teach a subject or grade other than one for which he is certified or for which he has had substantial experience within a reasonably current period.
Montgomery v. Starkville Mun. Sep. Sch. Dist., 665 F.Supp. 487, 492 (N.D.Miss. 1987). The court was analyzing whether racial discrimination had occurred by determining whether there had been a demotion. We are not concerned with motivations, but we too are seeking whether factually there was a lesser position. It is reasonable to examine the same factors as set out in this federal court decision: whether the new position has less pay as we define that concept below, less responsibility, requires less skill, or otherwise is a diminishing of position.
2. Reduced salary
¶ 13. Whether some slight decrease in income is enough to constitute a demotion, which we here equate to a failure to "renew," should be examined under the reasoning of some federal cases which evaluated whether racial discrimination has occurred regarding a teacher's employment:
responsibility is the central value protected by Singleton's demotion provision. An increase in salary is not necessarily determinative, see Lee v. Macon *1023 Cty. Bd. of Educ. (Muscle Shoals), 5 Cir., 1971, 453 F.2d 1104 (black principal demoted to Head Start teacher despite fact that his salary increased), nor is the title, see Lee v. Macon Cty. Bd. of Educ. (Thomasville), [470 F.2d 958 (5th Cir. 1972)] (Black principal was not demoted to administrative assistant to the school superintendent. The court held that responsibilities were not "significantly different.")
Lee v. Russell County Bd. of Ed., 563 F.2d 1159, 1161 (5th Cir.1977); Pamela Dill, "Education Law Abstract: A Survey of Prominent Issues in Mississippi's Public Schools," 13 MISS. C.L.REV. 337, 361 (1993) (discusses Russell). Just as an increase in salary does not shield racial discrimination, a slight reduction in salary does not spawn a per se non-renewal. The ultimate consideration towards which these factors point is whether because of pay, responsibility, or other relevant factor, the new contract is offering a lesser position, i.e., it results in a demotion of the educator.
¶ 14. Fisher was paid $208.15 daily during the 1999-2000 school year, an annual total of $41,630. This was the same daily amount that was offered to him for the 2000-2001 school year for an annual total of $39,340. He was clearly to be paid less during the 2000-2001 school year, but he also was required to work eleven days less. Since the contractual requirement under the statute is for teachers to work at least 187 days, both of Fisher's contract met this requirement. Miss.Code Ann. § 37-9-24(1) (Rev.2001). A fact issue remains as to whether Fisher was truly demoted.
¶ 15. There was no proof for the summary judgment that established that the offer of a comparable position with a lower annual compensation was in fact a demotion.
3. Conclusion
¶ 16. Since Fisher had signed contracts containing reassignment provisions, a reassignment occurring at the end of a school year does not indicate a non-renewal per se. Fisher held a teacher's certificate in social studies. The superintendent could have reassigned him from his position as a vocational teacher to a social studies teacher during the 1999-2000 school year or the next year.
¶ 17. The dissent argues that the Fisher had no choice once he got the contract beyond the date for non-renewals. That is not the question, however. Whatever his choices might have been, the issue is whether the new contract had the quality of change from his previous contract that was sufficient to constitute a non-renewal. That is the issue on which we remand.
¶ 18. A school board may decide to move teachers into comparable positions in the year-end review of what school needs may be, without such moves being considered non-renewals. Those reassignments may at times result in different titles. There may be slight pay differentials for reasons such as are alleged here, namely, certain positions may require more before or after school-year work. Within the fact-specific parameters established by Garrett of whether the new position should be considered a demotion, this case needs to be decided. Since summary judgment was granted, the fact issues were not resolved about the relative status of the two positions, and whether the difference in pay was solely the result of the different number of days legitimately required of those assigned in the two different positions. There is also a fact question of whether the differential in pay, even if arising from neutral factors, in itself was enough to be a demotion.
*1024 ¶ 19. We reverse and remand so that the case can proceed past the summary judgment stage.
¶ 20. THE JUDGMENT OF THE HOLMES COUNTY CHANCERY COURT IS REVERSED AND REMANDED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING, C.J., THOMAS, LEE, IRVING, CHANDLER AND GRIFFIS, JJ., CONCUR. BRIDGES, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY MYERS, J.
BRIDGES, P.J., DISSENTING.
¶ 21. In the present case, Fisher filed a complaint alleging that the Board had "attempted tortiously to evade its contractual duties" to Fisher. Under Mississippi Code Annotated section 37-9-105, in the event that a school district recommends nonrenewal of a teacher contract for a successive year, written notice of non-renewal shall be given within seven days of the date when the recommendation to re-employ would have been made under the provisions of sections 37-9-15 and 37-9-17. Miss.Code Ann. § 37-9-105 (Rev. 2001). Mississippi Code Annotated section 37-9-105 applies to circumstances in which a teacher is terminated and also to circumstances in which a teacher is offered a different position or their prior school term contract is otherwise not renewed. DeSoto County Sch. Bd. v. Garrett, 508 So.2d 1091, 1093 (Miss.1987). Failure to notify a teacher of non-renewal of a contract in a timely manner will result in automatic renewal of the contract in question for the ensuing year. Garrett, 508 So.2d at 1094; also see Noxubee County Sch. Bd. v. Cannon, 485 So.2d 302, 304 (Miss.1986).
¶ 22. Fisher was not provided written notice or otherwise informed within seven days of the non-renewal of his 1999-2000 employment contract, as required under Mississippi Code Annotated section 37-9-105. The 2000-2001 contract indicates that it was not executed until May 8, 2000, thirty days subsequent to the deadline for notice, which was on April 8, 2000. According to Garrett, since the Board failed to timely notice Fisher by written notice of the non-renewal of his 1999-2000 school term contract, such contract was automatically renewed for the 2000-2001 school term.
¶ 23. The school board's failure to provide Fisher with the required notice is the basis for my dissent. In the present case, Fisher was offered a different position, from a vocational teacher to a social studies teacher, and was offered a reduced salary, from $41,630 to $39,340, in short a demotion. The choice given to Fisher was in reality no choice. Not provided with notice, he faced the choice of either signing the contract to teach a position he did not wish to teach or not sign the contract and look for employment elsewhere. Mississippi Code Annotated section 37-9-105 applies to Fisher since he was offered a different position which was less favorable. Had the school board afforded Fisher due process he would have had a choice regarding whether to teach in an inferior position for less pay.
¶ 24. I respectfully dissent from the majority and believe no question of fact existed regarding whether Fisher was demoted and therefore required due process.
MYERS, J., JOINS THIS SEPARATE WRITTEN OPINION.
NOTES
[1] The motion for rehearing is granted, the former opinions are withdrawn, and these opinions are substituted.