990 So.2d 238 (2008)
Debra L. WINTERS, Appellant,
v.
CALHOUN COUNTY SCHOOL DISTRICT and Calhoun County Board of Education, Appellees.
No. 2007-CA-00476-COA.
Court of Appeals of Mississippi.
April 1, 2008.
Rehearing Denied August 26, 2008.
*239 David Burks Langford, Billie Jo White, Matthew Daniel Wilson, Starkville, attorneys for appellant.
Richard Jarrad Garner, James A. Keith, Laura Anne Ford, Jackson, attorneys for appellees.
Before KING, C.J., IRVING and CHANDLER, JJ.
IRVING, J., for the Court.
¶ 1. The Superintendent of the Calhoun County School District, upon the recommendation of the principal of Calhoun City High School, assigned Debra L. Winters to the Calhoun County Alternative School for the 2006-2007 school year. Feeling aggrieved, Winters unsuccessfully appealed to the Calhoun County Board of Education (Board), which failed to disturb the decision.[1] Thereafter, Winters filed a notice of appeal and petition for appeal with the Calhoun County Chancery Court. The Board filed a motion to dismiss, which was granted by the chancery court. Winters now asserts (1) that the chancellor erred in failing to find that she was demoted or that her contract was not renewed, (2) that the chancellor erred in finding that she had waived her right to appeal pursuant to the Education Employment Procedures Law (EEPL), and (3) that the chancellor abused his discretion by failing to treat the Board's motion to dismiss as a motion for summary judgment.
¶ 2. Finding that the chancellor did not err in granting the Board's motion to dismiss, we affirm the judgment.

FACTS
¶ 3. Winters was employed by the Calhoun County School District during the 2005-2006 school year. She taught biology at Calhoun City Junior High School and at Calhoun City High School. On January 23, 2006, Winters, by initialing a letter of intent, expressed her desire to remain employed with the school district for the 2006-2007 school year. Unbeknownst to Winters, Dale Hays, the principal of Calhoun City High School, signed the letter and added the phrase, "Recommending Alternative School Transfer Chemistry Certification."[2] After learning in February 2006, that the language had been added to *240 the letter, Winters tried unsuccessfully to contact Hays for an explanation.
¶ 4. On April 19, 2006, Hays called a meeting with Winters and Hilda Hemphill, principal at Calhoun County Alternative School, to discuss Winters's transfer to the alternative school. Winters informed Hays that she had not agreed to teach at the alternative school; therefore, discussion regarding her transfer was inappropriate.
¶ 5. Thereafter, in accordance with the Calhoun County School District's policy for reporting grievances, Winters requested and was granted a level one grievance hearing before Hays, a level two hearing before Superintendent Hardin, and a level three hearing before the Board. Winters was denied relief after the first and second hearings, and she claims that the Board took no action on the evidence that she presented during the level three hearing.
¶ 6. Winters did not sign the 2006-2007 contract; instead she accepted an offer for a teaching position with the Grenada County School District.

ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 7. In her first assignment of error, Winters contends that the chancellor abused his discretion in finding that the Board had renewed her contract and that she had not been demoted. The crux of Winters's argument is that the EEPL is applicable to her case because her reassignment to the alternative school constituted a demotion and essentially a nonrenewal of her contract. Mississippi Code Annotated section 37-9-101 (Rev.2007) provides in pertinent part that:
It is the intent of the Legislature to establish procedures to provide for accountability in the teaching profession; to provide a mechanism for the nonrenewal of licensed education employees in a timely, cost-efficient and fair manner; to provide public school employees with notice of the reasons for not offering an employee a renewal of his contract; to provide an opportunity for the employee to present matters in extenuation or exculpation; to provide the employee with an opportunity for a hearing to enable the board to determine whether the recommendation of nonemployment is a proper employment decision and not contrary to law and to require nonrenewal decisions to be based upon valid educational reasons or noncompliance with school district personnel policies.
(Emphasis added). Section 37-9-101 clearly indicates that it is applicable to educators whose contracts have not been renewed. However, section 37-9-101 does not address demotions. In Board of Education v. Fisher, 874 So.2d 1019, 1022(¶ 12) (Miss.Ct.App.2004) (quoting Montgomery v. Starkville Municipal Separate School District, 665 F.Supp. 487, 492 (N.D.Miss. 1987)), we looked to a federal district court opinion for a definition of demotion:
A demotion includes any reassignment (1) under which the staff member receives less pay or has less responsibility than under the assignment he held previously, (2) which requires a lesser degree of skill than did the assignment he held previously, or (3) under which the staff member is asked to teach a subject or grade other than one for which he is certified or for which he has had substantial experience within a reasonably current period.
¶ 8. While we recognize that the question before us is whether the EEPL applies to demotions as well as to nonrenewals, we decline to address this issue in any detail because we agree with the chancellor that the reassignment did not constitute *241 a demotion or a nonrenewal. Applying the definition of demotion provided in Montgomery, we find that there is nothing in the record which supports Winters's contention that she was demoted. The 2005-2006 and the 2006-2007 contracts are nearly identical; each requires that Winters be employed as a teacher with the Calhoun County School District for 187 days. The difference in the contracts is that under the 2006-2007 contract Winters's salary would have been $36,100 compared to $35,620 under the 2005-2006 contract. It is clear that Winters did not receive less pay under the 2006-2007 contract, and there is nothing in the record to suggest that she would have had less responsibility at the alternative school. Additionally, Winters does not argue that teaching at the alternative school "requires a lesser degree of skill" than teaching at the middle and high schools.
¶ 9. While the record is clear that Winters taught biology at the middle and high schools, we are unable to determine definitively what subject or subjects Winters would have taught at the alternative school. Winters states in her petition that: "At the time the disputed renewal and attempted demotion of Mrs. Winters occurred, she was not certified to teach chemistry or special education." However, the 2006-2007 contract merely stated that Winters agreed to be employed as a teacher with the Calhoun County School District. Thus, we cannot conclude that Winters would have been required to teach a subject or subjects for which she lacked certification. Moreover, Winters does not assert in her brief that the 2006-2007 contract required her to teach a subject or subjects which she was not certified to teach. Instead, Winters argues that she was not qualified to teach the students at the alternative school because she "ha[d] limited experience teaching students with behavioral problems." Based on our review of the record, we cannot conclude that the 2006-2007 contract required Winters to teach "a subject or grade other than one for which [she] was certified or for which [she] has had substantial experience within a reasonably current period." Thus, we conclude that Winters has failed to prove to this Court that she was demoted within the meaning of Fisher.
¶ 10. Furthermore, we advance three additional reasons to support our conclusion that the EEPL is not applicable to this case. First, the 2005-2006 contract that Winters signed stipulated that the school district had the authority to reassign her to teach in "any area for which a valid license is held." Second, Mississippi Code Annotated section 37-9-14(2)(s) (Rev.2007) authorizes a school superintendent to reassign an employee if the new position is in "an area in which the employee has a valid license issued by the State Department of Education." Third, Winters's reassignment was in accord with the Mississippi educator licensure guidelines which only require that teachers in the alternative program hold a valid teaching license.
¶ 11. Nevertheless, even if we were to agree with Winters that the EEPL applies, we fail to see how she can argue that the chancellor abused his discretion in dismissing her appeal. Although section 37-9-101 provides that educators whose contracts are not renewed are entitled to due process, the statute does not specify what process is required. As previously stated, Winters was afforded three grievance hearings, and we conclude that those hearings satisfied the due process requirement.
¶ 12. Because we have already concluded that Winters was neither demoted nor nonrenewed, we decline to address in any detail Winters's argument that the chancellor *242 erred in finding that she waived her right to appeal under the EEPL by proceeding under the Board's internal grievance procedures.
¶ 13. Finally, Winters argues that the chancellor erred in not treating the Board's motion to dismiss as a motion for summary judgment, as she contends that the Board's motion includes facts outside of the pleadings. Rule 12(b)(6) of the Mississippi Rules of Civil Procedure authorizes lower courts to dismiss a complaint for "failure to state a claim upon which relief can be granted." "The allegations in the complaint must be taken as true, and the motion should not be granted unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim." Carder v. BASF Corp., 919 So.2d 258, 261(¶ 9) (Miss.Ct. App.2005) (quoting Poindexter v. S. United Fire Ins. Co., 838 So.2d 964, 966(¶ 12) (Miss.2003)).
¶ 14. Our review of the record reveals that the 2006-2007 contract was attached to the Board's motion to dismiss, and we conclude that the chancellor considered it when making his decision. We reach this decision based on the following statement made in the chancellor's order: "That Petitioner's contract as a teacher with the Calhoun County School District was renewed, and her transfer to Calhoun County Alterative School did not constitute a demotion." This statement leads us to conclude that the chancellor compared the two contracts prior to reaching his decision. We acknowledge that:
If, on a motion to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56....
M.R.C.P. 12(b). However, we find that any error that Winters suffered was harmless because the petition referenced the 2005-2006 contract, and the 2006-2007 contract was nearly identical to the 2005-2006 contract. Therefore, the chancellor did not become privy to any knowledge by virtue of the 2006-2007 contract that he did not already have from the 2005-2006 contract.
¶ 15. THE JUDGMENT OF THE CHANCERY COURT OF CALHOUN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, AND ISHEE, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. ROBERTS AND CARLTON, JJ., NOT PARTICIPATING.
NOTES
[1] Although Winters received three grievance hearings, our review of the record has not uncovered a final order of the Board resolving the matter. Nevertheless, the school district did not argue in the chancery court, and does not argue here, that Winters has prematurely sought appellate review. Therefore, we will consider the merits of Winters's appeal.
[2] Although the record does not specifically reveal what happened next, apparently the letter was then forwarded to Superintendent Beth Hardin, who approved the recommendation.