326 So.2d 799 (1976)
BOARD OF TRUSTEES OF THE PASS CHRISTIAN MUNICIPAL SEPARATE SCHOOL DISTRICT
v.
Willie C. ACKER.
No. 48527.
Supreme Court of Mississippi.
February 17, 1976.
*800 Jason H. Floyd, Jr., Gulfport, for appellant.
Gerald Blessey, Paul S. Minor, Biloxi, for appellee.
Before INZER, SMITH and SUGG, JJ.
SMITH, Justice:
Acker, a schoolteacher, appealed to the Chancery Court of Harrison County from the action of the Board of Trustees of the Pass Christian Municipal Separate School District which had declined, following a hearing, to reemploy him. The hearing had been granted by the Board under the provisions of the Mississippi Public School Fair Dismissal Act [Mississippi Code Annotated sections 37-9-101 through 37-9-113 (1972), which became effective April 25, 1974.]
On April 12, 1974, prior to the effective date of the Act, Acker, through his counsel, requested a hearing before the School Board. Previous requests had not been granted. On April 25, 1974, the Public School Fair Dismissal Act became effective. In the light of the new Act, the Board granted Acker's request for a hearing and set May 21, 1974, as the date, apparently because a court reported would be available to take the testimony at that time. Acker was notified by letter May 3, 1974. But at the request of Acker, through his counsel, a continuance was granted and the hearing reset for June 3, 1974. The hearing was conducted, the Board declined to reemploy Acker and he appealed, as provided in the Act, to the Chancery Court of Harrison County.
The record of the evidence adduced at the hearing before the Board was duly transmitted to the Chancery Court in its appellate role. When the case came on for hearing before the chancellor a hearing de novo was granted as required by the terms of the statute. However, the chancellor overturned the School Board's action and ordered Acker's reemployment basing his decision on the proposition that there had been a departure by the Board from procedures set up in the Public School Fair Dismissal Act. From this action on the part of the chancery court the Board has appealed here. While Acker's appeal from the Board's action was pending in the appellate court (chancery court) he filed in the appeal case a new and original action seeking, among other things, damages from the School Board. On Motion, the chancellor dismissed this bill and from his action in doing so, Acker has cross-appealed.
Dealing first with the cross-appeal, we hold that the chancellor correctly refused to permit the filing of a new and original suit in the pending appeal case and in striking the bill. The case, on cross-appeal, is affirmed.
On direct appeal, it is urged on behalf of Acker that the failure of the Board to comply with procedural requirements of the Public School Fair Dismissal Act, including its failure to act within seven days as provided in the Act, was fatal to the Board's power to confirm the decision not to reemploy him. The enactment of the new statutory procedures which became effective in the course of the dealings between Acker and the School Board, which already were in progress, in the absence of a showing of bad faith, requires that some indulgence be granted the Board in its efforts to comply administratively with the requirements of the new statute.
*801 On May 21, 1974, Acker, through his counsel, requested that the matter be continued, this was granted and the hearing was reset for June 3, 1974. It appears, therefore, that a considerable part of any resulting delay was occasioned by Acker himself. We do not think, under the peculiar circumstances of this case, and in the absence of a showing that any substantial actual prejudice resulted, that there was such a departure from statutory procedure as to deprive the Board of its power to act.
The case must be reversed, however, on direct appeal and be remanded to the chancery court in order that the case may be properly dealt with as an appeal from the action of the Board of Trustees, an administrative body. The chancery court, in its role as appellate court, is limited in cases such as this to a review of the record made before the administrative agency, in this case the Board of Trustees, for the purpose of determining from such record whether the action of the School Board was or was not:
(1) supported by substantial evidence,
(2) arbitrary or capricious,
(3) beyond the power of the administrative agency to make, or
(4) in violation of some statutory or constitutional right of the complaining party. [Mississippi State Tax Commission v. Mississippi-Alabama State Fair, 222 So.2d 664, 665, 666 (Miss. 1969)].
Under a provision of the Public School Fair Dismissal Act, contained in Mississippi Code Annotated section 37-9-113 (1972), it is sought to require that the hearing on appeal from the Board to the Chancery Court "shall be de novo". This violates the Mississippi Constitutional separation of powers. In Mississippi State Tax Commission v. Mississippi-Alabama State Fair, supra, this Court said:
Our Constitution does not permit the judiciary of this state to retry de novo matters on appeal from administrative agencies. Our courts are not permitted to make administrative decisions and perform the functions of an administrative agency. Administrative agencies must perform the functions required of them by law. When an administrative agency has performed its function, and has made the determination and entered the order required of it, the parties may then appeal to the judicial tribunal designated to hear the appeal. The appeal is a limited one, however, since the courts cannot enter the field of the administrative agency. The court will entertain the appeal to determine whether or not the order of the administrative agency (1) was supported by substantial evidence, (2) was arbitrary or capricious, (3) was beyond the power of the administrative agency to make, or (4) violated some statutory or constitutional right of the complaining party. This rule has been thoroughly settled in this state. See Loftin v. George County Board of Education, 183 So.2d 621 (Miss. 1966); City of Meridian v. Davidson, 211 Miss. 683, 53 So.2d 48 (1951); California Co. v. State Oil & Gas Board, 200 Miss. 824 27 So.2d 542 (1946); suggestion of error overruled, 200 Miss. 824, 847, 28 So.2d 120 (1946).
[222 So.2d at 665, 666].
On direct appeal the case will be reversed and remanded to the Chancery Court for a review of the record made at the administrative hearing before the Board of Trustees. On cross-appeal the action of the chancellor in dismissing the original bill filed in the appeal proceedings is affirmed, such dismissal, however, being without prejudice to the right to refile in the proper tribunal.
On direct appeal reversed and remanded. On cross-appeal affirmed.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and ROBERTSON, SUGG, WALKER and BROOM, JJ., concur.