360 So.2d 1236 (1978)
CALHOUN COUNTY BOARD OF EDUCATION
v.
O.D. HAMBLIN.
No. 49821.
Supreme Court of Mississippi.
July 26, 1978.
Charles W. Cook, Bruce, for appellant.
Ottis B. Crocker, Jr., Bruce, for appellee.
Before SMITH, P.J., LEE and BOWLING, JJ., and HOWARD R. PIGFORD, Commissioner.
*1237 HOWARD R. PIGFORD, Commissioner for the Court:[1]
This is an appeal from a decree of the Chancery Court of Calhoun County, Mississippi, overruling the Calhoun County Board of Education's decision not to reemploy O.G. Hamblin, principal of the Bruce Attendance Center.
*1238 On February 20, 1976, the said Board voted not to reemploy Hamblin and that decision was appealed to the Chancery Court of Calhoun County under the provisions of the Public School Fair Dismissal Act of 1976, Mississippi Code (Supp. 1976) Section 37-9-101 -113 [now the School Employment Procedures Law, Mississippi Code Annotated (Supp. 1977) Section 37-9-101 -113]. The Chancery Court entered a decree overruling the Board's action on the ground that the decision of the Board was not supported by substantial evidence and was arbitrary and capricious. Appellee was ordered reemployed for the 1976-77 school term.
The issue presented on this appeal is: Does the Mississippi Public School Fair Dismissal Act of 1976 create a substantive right to reemployment by the appellee which requires the School Board to demonstrate good cause for failure to reemploy him?
The record reflects that on January 20, 1976, the Superintendent of Education of Calhoun County decided not to recommend appellee for reemployment and so notified him by letter on that date. Subsequently, at an informal meeting, the County School Board voted to reject the Superintendent's recommendation and voted to reemploy appellee. After that meeting an opinion was obtained from the Attorney General, and the Board determined that it could not vote for reemployment of appellee without affording him a formal hearing. The Superintendent again notified the appellee of the decision not to recommend his reemployment and cited reasons for same. Appellee then requested a hearing before the School Board under the provisions of the Mississippi Public School Fair Dismissal Act.
The hearing was duly held, appellee was present and represented by his own counsel, he was allowed to present witnesses on his own behalf and to cross-examine witnesses of the Board. The evidence for appellee indicated that he was competent and contradicted the reasons of the Superintendent for nonreemployment while evidence indicated that there were problems between appellee, his staff and the community, with regard to communication.
After a full hearing, the School Board voted not to reemploy the appellee for the reasons stated by the Superintendent in the letter to appellee. On appeal, the Chancellor stated: "The matter to be decided by the Court is whether or not this [lack of communication with staff and community] is supported by substantial evidence." The Court then went on to say that the testimony did not support the reasons stated by the Superintendent by substantial evidence and that the reasons were not valid grounds for the Board's refusal to reemploy appellee. It is clear that the lower court assumed that the Public School Fair Dismissal Act placed the burden upon the Superintendent and School Board at such a hearing to demonstrate good cause not to reemploy appellee.
It is to be noticed that the Public School Fair Dismissal Act of 1976 was repealed and replaced by the School Employment Procedures Law of 1977, Mississippi Code Annotated (Supp. 1977) Section 37-9-101 -113. The Legislature, in the School Employment Procedures Law of 1977 clearly stated that these statutes are procedural only and expressly provide that the law is not "to establish a system of tenure or to require that all decisions of nonreemployment be based upon cause with respect to employment in the school district." The statutes controlling in this case prior to the School Employment Procedures Law of 1977 were silent as to the legislative intent. However, since the prior law provided for an appeal and a hearing before the School Board, and the furnishing of reasons by the Superintendent for non-reemployment, it was contended, and the lower court apparently was of the opinion, that the burden was on the School Board to show good cause before denying reemployment to appellee.
There is no contention on behalf of the parties that the statutory procedural requirements were not met in this case. It is settled law that under the legislative acts the procedural requirements of timely notice *1239 and hearing must be met in order to deny reemployment. McDonald v. East Jasper County School District, 351 So.2d 531 (Miss. 1977); Jackson v. Board of Education of Oktibbeha County, 349 So.2d 550 (Miss. 1977); Board of Trustees of Pass Christian Municipal Separate School District v. Acker, 326 So.2d 799 (Miss. 1976).
The issue on this appeal does not involve procedural requirements, but involves the nature of substantive rights, if any, of the appellee. Prior to the promulgation of the Public School Fair Dismissal Act, it was clear that school employees had no tenure. By statute, the only way this appellee could be hired was by the recommendation of the Superintendent and confirmation of the School Board on an annual basis. Mississippi Code Annotated (Supp. 1976) Section 37-9-15; Lott v. State ex rel Kelly, 239 Miss. 97, 121 So.2d 402 (1960); Jennings v. Meridian Municipal Separate School District, 337 F. Supp. 567 (S.D.Miss. 1971), Aff'd. 453 F.2d 413 (5th Cir.1971).
In McCormick v. Attala County Board of Education, 407 F. Supp. 586 (N.D.Miss. 1976), which involved failure to reemploy a teacher, the Federal District Judge correctly interpreted Mississippi laws, stating:
In Mississippi, the state law does not provide for a system of job tenure for public school teachers.... The defendant [Board of Education] had the lawful right to rehire the plaintiff for any reason, or for no reason at all, upon expiration of the contract, so long as her constitutional rights were not violated... . 407 F. Supp. at 594.
(Emphasis added).
Subsequent to the passage of the Act, in a case involving procedural aspects of the Act, this Court held that on appeal the chancery court was limited to determining if an order of the Board (1) was supported by substantial evidence, (2) was arbitrary or capricious, (3) was beyond the power of the administrative agency to make, or (4) violated some state of constitutional right of the complaining party. Board of Trustees of Pass Christian Municipal Separate School District v. Acker, 326 So.2d 799 (Miss. 1976).
We hold that the decision of the School Board was not beyond the School Board's power to make, and that its action did not violate any statute or constitutional right of appellee. Because the statute requires the superintendent or principal, as the case may be, to furnish reasons for non-reemployment, it may have been assumed that the statute establishes some form of tenure. A reading of the express language of the statutes leads us to the conclusion that the Legislature did not intend to, and did not, create by such statutes a system of tenure. Study of the legislative history of the statutes and other legislative research reveals that the Legislature dealt with other bills previously which were introduced with the express purpose of creating a tenure system in the schools of Mississippi. Those bills failed to become law, both before and after enactment of the Public School Fair Dismissal Act. Also, as stated, the legislative intent was specifically stated in the most recent enactment in Section 37-9-101 of the Mississippi Code Annotated (Supp. 1977).
In a well-reasoned opinion, an Arkansas Federal District Court considered a similar statute and concluded that the statute was limited to a procedural grant of notice and an opportunity to be heard as opposed to creating a system of tenure. Williams v. Day, 412 F. Supp. 336 (E.D.Ark. 1976). This result is supported by analysis of the United States Supreme Court case of Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). In Roth, although the Court was considering whether or not a teacher had a property interest sufficient to trigger due process protections, it went on to point out that if due process protection applied, and notice and hearing were required, that
[T]he purpose of such notice and hearing is to provide the person an opportunity to clear his name. Once a person has cleared his name at a hearing, his employer, of course, may remain free to deny him future employment for other reasons. 408 U.S. at 573, 92 S.Ct. at 2707, 11 L.Ed.2d at 558. (Footnote 12).
*1240 Similarly, the Court in Roth pointed out that due process may be triggered where liberty interest is involved, e.g., if a person's "good name, reputation, honor, or integrity is at stake because of what the government is doing to him... ." 408 U.S. at 573, 92 S.Ct. at 2707. But there, the Court stated that "It stretches the concept too far to suggest that a person is deprived of `liberty' when he simply is not rehired in one job but remains free as before to seek another." 408 U.S. at 575, 92 S.Ct. at 2708.
We hold that, under the pertinent statutes applicable here, appellee had a platform in which to defend his good name, reputation, honor or integrity. In summary, the intent of the Legislature was to grant a teacher the limited right to notice and an opportunity to be heard by the School Board, e.g., to present the employee's position, but not to place restrictions on what decision the School Board might make. Considering requirements of the statute, we conclude that they express an intent to, and do, create something less than a tenured situation.
The burden of proof at the hearing is not on the superintendent or principal, as the case may be, as it would be in a tenure situation. Lamar County School Board v. Saul, 359 So.2d 350 (Miss. 1978). Once the Superintendent has given a demonstrable reason for non-reemployment (before the hearing), the burden at the hearing is upon the employee to prove affirmatively and conclusively that the reasons relied upon by the School Board have no basis in fact. In the present case, the Superintendent met this requirement of furnishing a demonstrable reason for the recommendation of non-reemployment (lack of communication with the faculty and community). At the hearing, witnesses for the Superintendent testified to a lack of communication, while witnesses for the principal testified to the contrary. Although the proof is inconclusive, it cannot be said that the reason was not demonstrable and not supported by fact.
We hold that, under the record in this case, the statute has been complied with. Appellee was afforded due process and all his procedural rights were protected and complied with. It was error for the lower court to require appellant to show good cause for the non-reemployment of appellee.
The decision of the lower court is reversed, and the order of the School Board is reinstated.
REVERSED AND RENDERED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.
NOTES
[1] pursuant to Chapter 430, Laws of 1976. The above opinion is adopted as the opinion of the Court.