923 So.2d 260 (2006)
Marcus Craig GORDON, Appellant
v.
LAFAYETTE COUNTY SCHOOL DISTRICT, Appellee.
No. 2004-CC-02391-COA.
Court of Appeals of Mississippi.
March 7, 2006.
*261 William T. May, Newton, Terry Jordan, attorneys for appellant.
Robert Dallas Schultze, Grady F. Tollison, Oxford, attorneys for appellee.
Before LEE, P.J., IRVING and ISHEE, JJ.
LEE, P.J., for the Court.

PROCEDURAL HISTORY AND FACTS
¶ 1. On April 6, 2004, Marcus Gordon received notice from the Lafayette County School District Superintendent, Mike Foster, that his employment contract for the 2004-05 school year would not be renewed. Gordon had been teaching at the Lafayette County Middle School since August 1991. Shortly thereafter, Gordon requested a hearing on the matter. The Lafayette County School District (LCSD) provided Gordon a letter stating the specific reasons for his non-renewal along with a list of witnesses and copies of documentary evidence substantiating the reasons.
¶ 2. On May 11, 2004, a hearing was held on the matter before the hearing officer, Nancy Maddox. Witnesses were called and exhibits were introduced on both sides. On June 28, 2004, the Lafayette County School Board (the Board) determined that, upon review of the record of the hearing as well as exhibits presented at the hearing, there was substantial and credible evidence of valid educational reasons for Gordon's non-renewal.
¶ 3. Gordon then appealed the Board's decision to the Lafayette County Chancery Court. On October 25, 2005, the chancellor affirmed the Board's decision not to renew Gordon's contract. Aggrieved, Gordon appealed to this Court asserting the following issues: (1) the hearing officer erred in failing to render a decision as to whether the non-renewal of his contract was a proper employment decision based upon valid educational reasons or noncompliance with personnel policies; (2) the chancellor's failure to make findings of fact *262 or conclusions of law requires reversal; and (3) the weight of the evidence supports renewal of his contract.

STANDARD OF REVIEW
¶ 4. Our standard of review in cases relating to the termination of a school employee is the same as the chancery court:
(3) The scope of review of the chancery court in such cases shall be limited to a review of the record made before the school board or hearing officer to determine if the action of the school board is unlawful for the reason that it was:
(a) Not supported by any substantial evidence;
(b) Arbitrary or capricious; or
(c) In violation of some statutory or constitutional right of the employee.
Miss.Code Ann. § 37-9-113 (Rev.2001); Harris v. Canton Pub. Sch. Bd. of Educ., 655 So.2d 898, 901 (Miss.1995).

DISCUSSION

I. DID THE HEARING OFFICER ERR IN FAILING TO RENDER A DECISION CONCERNING THE NON-RENEWAL OF GORDON'S CONTRACT?
¶ 5. In his first issue, Gordon argues that the proper statutory procedures were not followed by the hearing officer. Gordon argues that Mississippi Code Annotated Section 37-9-111(5) (Rev.2001), states that the hearing officer is required to reach a conclusion as to whether nonreemployment is the proper employment decision. However, Section 37-9-111(5) specifically states:
The board shall review the matters presented before it, or, if the hearing is conducted by a hearing officer, the report of the hearing officer, if any, the record of the proceedings and, based solely thereon, conclude whether the proposed nonreemployment is a proper employment decision, is based upon a valid educational reason or noncompliance with school district personnel policies and is based solely upon the evidence presented at the hearing, and shall notify the employee in writing of its final decision and reasons therefor.
¶ 6. Clearly, Gordon is mistaken in his interpretation of this particular statute. Furthermore, Section 37-9-111(1) states that "in no event shall the hearing officer be the staff member responsible for the initial recommendation of nonreemployment."
¶ 7. In her report, the hearing officer explicitly stated that the report was "not offered as an opinion as to whether the decision to non-renew Gordon was a proper employment decision," but offered as a summary of the testimony. This issue lacks merit.

II. DOES THE FAILURE OF THE CHANCELLOR TO MAKE SPECIFIC FINDINGS OF FACT REQUIRE REVERSAL?
¶ 8. In his second issue, Gordon argues that the chancellor did not make specific findings of fact, that such failure denied him his due process rights and that, therefore, this Court must reverse. Gordon cites to Mississippi Rule of Civil Procedure 52(a) which states as follows:
(a) Effect. In all actions tried upon the facts without a jury the court may, and shall upon the request of any party to the suit or when required by these rules, find the facts specially and state separately its conclusions of law thereon and judgment shall be entered accordingly.
¶ 9. Gordon further cites to Uniform Chancery Court Rule 4.01, which states, in pertinent part: "In all actions where it is required or requested, pursuant to *263 M.R.C.P. 52, the Chancellor shall find the facts specially and state separately his conclusions of law thereon."
¶ 10. Although Gordon is correct in his assertions concerning the rules, he is incorrect in their applicability. The role of the chancellor in the case sub judice is strictly provided for pursuant to Section 37-9-113. The chancellor's role on review is limited; he does not sit as the trier of fact but as a court of review, much like this Court. Rule 52(a) says "In all actions tried upon the facts...." In this case the Board is the finder of fact, not the chancellor. See Noxubee County Bd. of Educ. v. Givens, 481 So.2d 816, 819 (Miss.1985); see also Bd. of Tr. of Pass Christian Mun. Separate Sch. Dist. v. Acker, 326 So.2d 799, 801 (Miss.1976). We find this issue to be without merit.

III. DOES THE WEIGHT OF THE EVIDENCE SUPPORT THE RENEWAL OF GORDON'S CONTRACT?
¶ 11. In his last issue, Gordon argues that the weight of the evidence supports renewal of his contract of employment with the LCSD. "Once the Superintendent has given a demonstrable reason for nonreemployment [sic] (before the hearing), the burden at the hearing is upon the employee to prove affirmatively and conclusively that the reasons relied upon by the School Board have no basis in fact." Buck v. Lowndes County Sch. Dist., 761 So.2d 144, 147(¶ 17) (Miss.2000). Gordon was furnished with the reason for the recommendation of nonreemployment, namely absence from the classroom, lack of respect for staff members, questionable emotional stability and failure to follow proper adherence to teacher guidelines.
¶ 12. Although witnesses testified for both Gordon and the LCSD, we cannot find that the reasons for nonreemployment were not supported by fact. Mr. Joe Hendrix, the principal of Lafayette County Middle School, testified that he instructed Gordon to improve his performance after Gordon had several "run-ins" with other staff members of the school. Hendrix stated that Gordon filed a grievance against another teacher, but, after investigating, Hendrix could find no basis for the grievance.
¶ 13. Apparently Gordon left his classroom unattended on several occasions and, on one of these occasions, a fight erupted between the students in his classroom. At another time where Gordon was also supposed to be supervising students on the softball field, a fight erupted. Gordon was also involved in another incident when he confronted another teacher in the high school about a rumor regarding this teacher's child. There was testimony that this incident was disruptive to both the middle school and the high school. Gordon did admit to leaving students under his care unsupervised on different occasions but did not offer his reasons for doing so.
¶ 14. We do note that Hendrix and other witnesses testified that Gordon was effective as a teacher. However, Gordon has not affirmatively and conclusively proven that the Board's decision was not based in fact. We find that the Board's decision was supported by substantial evidence, not arbitrary or capricious and not in violation of a statutory or constitutional right of Gordon.
¶ 15. THE JUDGMENT OF THE LAFAYETTE COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.
*264 SOUTHWICK, J., CONCURS IN RESULT ONLY. MYERS, P.J., NOT PARTICIPATING.