*336
 
 GRIFFIS, J.,
 

 for the Court.
 

 ¶ 1. Larry Campbell requested a hearing before the Smith County School Board (“the Board”) after it failed to approve the superintendent’s recommendation to renew his employment. The Board upheld the decision. Campbell appealed to the Smith County Chancery Court, which found that the Board’s decision was not supported by any substantial evidence and was arbitrary and capricious. The Smith County School District (“the District”) appeals and argues that: (1) the chancellor failed to follow the proper standard of review under Mississippi Code Annotated section 37-9-113 (Rev. 2007), and (2) the Board’s decision was supported by substantial evidence and was not arbitrary and capricious. Finding reversible error, we reverse and render.
 

 FACTS
 

 ¶ 2. The facts are largely undisputed. Campbell worked for the District for thirty-four years before he retired after the 2004-05 school year. Principal Jeffery Neal Duvall and Smith County School District Superintendent Warren Woodrow asked Campbell to return to Taylorsville High School for the 2005-06 school year, working part-time as the lead teacher, the boys basketball coach, and assistant principal. Campbell returned part-time and, by all accounts, did a very good job.
 

 ¶ 3. Principal Duvall recommended to Superintendent Woodrow that Campbell’s part-time contract be renewed for the 2006-07 school year. Superintendent Woodrow subsequently recommended to the Board that Campbell’s contract be renewed.
 

 ¶ 4. At the February 7, 2006, board meeting, the motion was made to renew Campbell’s contract, but it failed to pass for a lack of a second to the motion. Campbell requested a hearing. Following the hearing, the Board reviewed the hearing officer’s report and found that the decision not to renew Campbell’s contract was a proper employment decision and was not contrary to the law.
 

 ¶ 5. At the hearing, Superintendent Woodrow stated that Campbell’s duties were the same as a part-time employee as when he was full time. The only difference Superintendent Woodrow could think of was that Campbell arrived at 9:00 a.m. instead of 7:00 a.m. There had never been a complaint about Campbell’s performance. He was a good employee and was respected by his peers and the students.
 

 ¶ 6. Board president, Cliff Currie, testified that he thought that the Board wanted the position to be a full-time position. Currie did not know what duties a full-time person would undertake that Campbell was not currently performing. Principal Duvall testified that Campbell’s duties did not change when he went from full-time to part-time employment and that he fulfilled his duties and responsibilities regardless of whether he was classified as a full-time or part-time employee.
 

 ¶ 7. The Board argues that it does not employ any other part-time lead teachers, assistant principals, or coaches. However, Superintendent Woodrow testified that the Board approved the part-time contract of the assistant superintendent over federal programs and the part-time contract of a music teacher.
 

 STANDARD OF REVIEW
 

 ¶ 8. When this Court reviews a decision by a chancery or circuit court concerning an agency action, we apply the same standard of review that the lower courts are bound to follow.
 
 Miss. Sierra Club, Inc. v. Miss. Dep’t of Envtl. Quality,
 
 819 So.2d 515, 519(¶ 15) (Miss.2002). The standard of review of the chancery court in this case is set by statute:
 

 
 *337
 
 The scope of review of the chancery court in such cases shall be limited to a review of the record made before the school board or hearing officer to determine if the action of the school board is unlawful for the reason that it was:
 

 (a) Not supported by any substantial evidence;
 

 (b) Arbitrary or capricious; or
 

 (c) In violation of some statutory or constitutional right of the employee.
 

 Miss.Code Ann. § 37 — 9—113(3)(a)—(c).
 

 ANALYSIS
 

 1. Did the chancellor fail to follow the proper standard of revieiv provided under section 37-9-113?
 

 ¶ 9. The District argues that the chancellor failed to follow the proper standard of review under section 37-9-113 because he went beyond “the record made before the school board or hearing officer to determine if the action of the school board [was] unlawful.” Miss.Code Ann. § 37-9-113(3). Campbell responds that the chancellor was within his discretion to take judicial notice of a fact and did not go beyond the record made before the hearing officer.
 

 ¶ 10. The District points to two statements made by the chancellor in his judgment as proof that he went beyond the record made before the hearing officer. First, the chancellor stated that:
 

 Because of the changes made in the retirement system for school personnel in the State of Mississippi it has become common practice, and the Court takes judicial notice, that school districts around the state have employees who retire and are after 45 days then rehired on a half-time basis at half-time salary. This has allowed school districts to retain good, qualified educators and coaches with many years of experience at an amount less than what a new person in the system would receive.
 

 ¶ 11. Under Mississippi Rule of Evidence 201(c), a court has the discretion to take judicial notice of a fact whether requested or not. However, “[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.” M.R.E. Rule 201(b).
 

 ¶ 12. We find that the chancellor abused his discretion by taking judicial notice that school districts around the state have employees who retire and are rehired after forty-five days on a half-time basis at half-time salary. Although the chancellor may know this to be true and accurate, this “fact” is not generally known in the territorial jurisdiction of the trial court or capable of accurate determination by a source whose accuracy cannot be questioned. Accordingly, we find that this fact was inappropriate for judicial notice.
 

 ¶ 13. Second, the District alleges that the chancellor went beyond the record of the hearing officer when he framed the issue before him as follows:
 

 whether once [the Board has] established [a] position for a part-time employee, can they fail to renew solely based on the Board stating at the non-renewal hearing that they wanted to make the part-time position a full[-]time position and, if they did,
 
 would the same have to have been offered to Mr. Campbell.
 

 (Emphasis added).
 

 ¶ 14. The District argues that it is irrelevant whether or not Campbell was offered the full-time position and that this is outside of the record made before the
 
 *338
 
 hearing officer. We agree. The only issue before the hearing officer and, subsequently, the chancellor was whether the Board’s decision to refuse the renewal of a part-time contract, because they felt a full-time contract was beneficial, was arbitrary and capricious. The issue of whom would be hired for the full-time position, which did not exist, is irrelevant to this inquiry.
 

 ¶ 15. We find that the chancellor abused his discretion by going outside the limits set by section 87-9-113 when he took judicial notice of a fact that was inappropriate for judicial notice and considered whether Campbell was offered a full-time job that did not exist.
 

 2. Was the Board’s decision supported by substantial evidence and not arbitrary or capricious
 
 ?
 

 ¶ 16. The District claims that its decision that a full-time employee was needed is a demonstrable reason for non-renewal, was supported by substantial evidence, and was not arbitrary or capricious. Campbell responds that the Board failed to show good reason for his non-renewal as required by Mississippi Code Annotated section 37-9-17(1) (Rev.2007) and that the decision was not supported by substantial evidence and arbitrary and capricious.
 

 ¶ 17. “Substantial evidence means more than a scintilla or a suspicion.”
 
 St. Dominic-Jackson Mem’l Hosp. v. Miss. State Dep’t of Health,
 
 910 So.2d 1077, 1082(¶ 13) (Miss.2005) (quoting
 
 Miss. State Dep’t of Health, v. Natchez Cmty. Hosp.,
 
 743 So.2d 973, 977(¶ 12) (Miss.1999)).
 

 ¶ 18. The terms “arbitrary” and “capricious” imply “a lack of understanding of or a disregard for the surrounding facts and settled controlling principles.”
 
 Id.
 
 at 1082(¶ 15) (quoting
 
 HTI Health Servs. of Miss., Inc. v. Miss. State Dep’t of Health,
 
 603 So.2d 848, 851 (Miss.1992)). “An act is arbitrary when it is not done according to reason or judgment, but depending on the will alone.”
 
 Burks v. Amite County Sch. Dist.,
 
 708 So.2d 1366, 1370(¶ 14) (Miss.1998). If the reasons for non-renewal are a sham, or are a retaliation for the employee’s constitutionally protected activity, the Board acts arbitrarily and capriciously.
 
 Claiborne County Bd. of Educ. v. Martin,
 
 500 So.2d 981, 986 (Miss.1986).
 

 ¶ 19. The reason given for the non-renewal of Campbell’s contract was that the Board wanted the position to be full time in order to better serve the students.
 

 ¶ 20. The District claims that under
 
 Calhoun County Board of Education v. Hamblin,
 
 360 So.2d 1236, 1240 (Miss.1978), the Board is only required to demonstrate that a demonstrable reason exists for the decision not to renew. This is a misstatement of the law. The supreme court held that:
 

 Once the
 
 Superintendent
 
 has given a demonstrable reason for non-reemployment (before the hearing), the burden at the hearing is upon the employee to prove affirmatively and conclusively that the reasons relied upon by the School Board have no basis in fact. In the present case, the
 
 Superintendent
 
 met this requirement of furnishing a demonstrable reason for the recommendation of non-reemployment (lack of communication with the faculty and community).
 

 Id.
 
 (emphasis added). If the principal recommends renewal to the superintendent and the superintendent subsequently recommends renewal to the school board, then “unless
 
 good reason
 
 to the contrary exists, the board shall elect the employees so recommended.” Miss.Code Ann. § 37-9-17(1) (emphasis added). Because Principal Duvall and Superintendent Woodrow recommended Campbell’s contract be renewed, the Board is required to show a
 
 *339
 
 good reason for non-renewal, not articulate a demonstrable reason.
 

 ¶ 21. Although the Board could have been more detailed in its reasoning, we find that the Board has stated a good reason for the non-renewal of Campbell’s contract. That is all that is required. The Board was clear that it was not renewing Campbell’s contract because it felt that the students would be better served if the position was full time.
 

 ¶ 22. Although, Principal Duvall testified that Campbell fulfilled the duties and responsibilities of a full-time employee and that the school was getting full-time service for part-time pay, Campbell was not a full-time employee. Campbell was an excellent part-time employee who devoted more time than he was required to as a part-time employee, but he was under no contractual obligation to dedicate this amount of time to the school. It is clear that he was integral to school discipline, and the Board has good reason to want to protect the students by ensuring that this position is contractually full time.
 

 ¶ 23. Board members determined that the students will be better served by a full-time employee. The Board has shown good reason to refuse to renew Campbell’s part-time contract and pursue hiring a full-time employee. Its decision was supported by substantial evidence and was not arbitrary and capricious.
 

 ¶ 24. We reverse the judgment of the chancery court and render judgment to reinstate the Board’s denial of the renewal of Campbell’s part-time contract.
 

 ¶ 25. THE JUDGMENT OF THE CHANCERY COURT OF SMITH COUNTY IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR.